PER CURIAM.
Upon an examination of the record on appeal and the briefs we are of the opinion that the final judgment reflects an attempt to effectuate a property settlement between parties to a divorce actipn in the absence of an agreement between the parties or appropriate pleadings; such an adjudication is beyond the authority of the trial court. *805 Niemann v. Niemann, Fla.App.1974, 294 So.2d 415; Harder v. Harder, Fla.App. 1972, 264 So.2d 476; Wilbur v. Wilbur, Third District Court of Appeal, 299 So.2d 99, opinion filed June 28, 1974. Although we find no error with the final judgment in any other respect and would have no hesitancy in affirming we have no way of knowing whether the other monetary awards contained in the final judgment, i.e., child support, attorney’s fees, etc., were in any way predicated upon or influenced by the disposition of the property between the parties. Accordingly, in order to enable the trial judge to review (and reinstate or alter) these awards, that portion of the final judgment pertaining to such monetary awards is also vacated and the cause remanded for further consideration in accordance with this opinion; in all other respects the final judgment is affirmed.
OWEN, C. J., and MAGER and DOW-NEY, JJ., concur.