TENCH, BENJAMIN M., Associate Judge.
The wife brought an action for Separate Maintenance; the husband answered and filed his Counterclaim for Dissolution of marriage. Immediately prior to the final hearing, the wife was permitted to amend ore tenus her Petition for Separate Maintenance, altering it to a Petition for Dissolution of Marriage and seeking alimony and other relief. The cause proceeded to final hearing and judgment was entered dissolving the marriage, dividing property between the husband and the wife, granting the wife lump sum alimony in the amount of six hundred fifty dollars ($650.-00), granting the wife’s attorney his fees and court costs, and setting a schedule for payment of those moneys awarded the wife. The husband’s Motion for New Trial was denied, and this appeal was taken.
The husband’s first point on appeal raises the propriety of the trial court’s granting the wife’s ore tenus motion to amend her Petition for Separate Maintenance to a Petition for Dissolution of Marriage and other relief. Florida RCP 1-190(e) provides that “At any time in furtherance of justice, upon such terms as may be just, the court may permit any . pleading . . . to be amended . ”. The transcript of the proceed *11 ings makes it plain that the Court below was not in error in permitting the amend-' ment of the wife’s Petition. In any event, permitting the amendment was harmless error because the husband had filed his Counterclaim Petition for Dissolution.
We pause here to point out the disparity in the language of F.S. Section 61.052, which deals with dissolution of marriage and is commonly known as the no-fault statute, and the provisions of F.S. Sections 61.09 and 61.10, which deal with non-support and the rights of parties unconnected with dissolution. The position of litigants and Courts would be greatly improved if the Legislature were to clarify whether those seeking relief under F.S. Sections 61.-09 and 61.10 are held to the older and higher standard of proving fault, as opposed to those seeking a dissolution of marriage under the no-fault statute. We commend to our sister Branch of government this clarification at the first opportunity.
Regarding the husband’s contention 1) that the Court improperly rejected evidence of the conduct • of the parties prior to marriage, and 2) that the Court erred in awarding certain property to the wife and other property to the husband, we point to the conflicting testimony and claims of the parties. An appellate court may not substitute its fact findings for those of a circuit judge who sits as a trier of fact, if sufficient competent substantial evidence is adduced at trial to support the circuit judge’s findings. Lowery v. Rosenberg; 147 So.2d 321 (Fla.App. 1st 1963). We note that the Court below had the opportunity to observe the parties while they were testifying and to determine for itself the demeanor of each witness, his frankness or lack of frankness, and his interest, if any, in the outcome of the case. The credibility of witnesses is an issue of fact for the trier of fact. Staggers v. State, 258 So.2d 461 (Fla.App. 1st 1972). As to those two matters we decline to disturb the rulings of the trial court.
Regarding the award of lump sum alimony, howevér, we cannot concur with the trial court. The wife is younger by seven years, is better educated, has an income almost equal to the husband’s, and can practice her trade as a cook. He, on the other hand, is restricted by his lack of education to working as a common laborer. In Yandell v. Yandell, 39 So.2d 554 (Fla.1949), the Florida Supreme Court held it was improper to award lump sum alimony where the evidence failed to disclose that the wife was entitled thereto by an equitable contribution to the husband’s estate, except where the husband was financially in a position to pay the alimony so awarded. A comparison of the future prospects of earning capacity between the two parties reveals that the husband would be overburdened by the lump sum alimony payments. We hold that there has been no showing that the wife’s claim for lump sum alimony is justified.
Reversed in part and affirmed in part, and remanded for further proceedings consistent with this opinion.
BOYER, C. J., and MILLS, J., concur.