330 So.2d 839 (1976)
Margaret Francis PALMER, Appellant,
v.
Clyde Orien PALMER, Appellee.
No. 75-1091.
District Court of Appeal of Florida, Second District.
April 28, 1976.
Myron M. Gold and Roberta Fulton Fox, Gold & Fox, Coral Gables, for appellant.
Andrew B. Jackson and Jon H. Anderson, Jackson & Anderson, Lake Placid, for appellee.
SCHEB, Judge.
The appellant/wife presents questions concerning various financial aspects of a judgment for dissolution of marriage entered by the trial court. The record on appeal does not include any stenographic record of the proceedings below, neither party having requested a court reporter in the trial court. Cf. RCP 1.035. This, of course, limits the scope of effective review of those matters of which she complains concerning the character and amount of alimony awarded to her and her contention that the trial court judge erred in not awarding her a special equity in property owned by her husband.
The finding and judgment of the trial court come to this court with a presumption of correctness and it is the appellant's burden to demonstrate otherwise. Canning v. Norton, Fla.App.2d 1963, 155 So.2d 737. Where, as here, points raised on appeal require a review of the evidence considered by the trial court and a record thereof is not furnished us in support of those contentions on appeal, this court cannot reverse the trial court on such points. Broward County Port Authority v. F.M. Rule & Co., Fla.App.2d 1960, 119 So.2d 82.
From our review of the record furnished us and briefs of counsel and after *840 hearing oral argument, we conclude that the only error that appellant has demonstrated is so much of the final judgment as awards lump sum alimony to the appellee/husband, the petitioner in the dissolution of marriage proceedings. For, even from the record presented, it is apparent the trial judge determined the wife required and the husband had the ability to provide her with lump sum alimony, permanent periodic alimony, and counsel fees. The final judgment so provided. Therefore, the award by the trial judge of lump sum alimony to the husband in the form of requiring the wife to transfer to him all of her interest in certain stocks is inconsistent with the whole tenor of the final judgment making awards to the wife. It is, of course, error to award alimony to both parties, since it is anomalous for one spouse to have both "needs" and "ability to pay" at the same time. Niemann v. Niemann, Fla.App.4th 1974, 294 So.2d 415; cert. dismissed, Fla. 1975, 312 So.2d 733. And, since no special equity was established in favor of the husband and recognizing the trial courts cannot make a property settlement for the parties, the trial court had no authority to transfer one spouse's assets to another. That part of the final judgment cannot stand. See, Owen v. Owen, Fla. 1973, 284 So.2d 384.
Accordingly, Paragraph (6) of the final judgment which provides:
"The petitioner is awarded lump sum alimony as follows: the respondent's interest, if any, in the Federal Land Bank Association and Production Credit Association stocks. The respondent shall execute the necessary forms to assign her interest, if any, to the petitioner in the said stock."
is hereby deleted; otherwise, the judgment is affirmed.
BOARDMAN, Acting C.J., and GRIMES, J., concur.