337 So.2d 1017 (1976)
Edward Charles GESFORD, Jr., Appellant,
v.
Mary GESFORD, Appellee.
No. 76-212.
District Court of Appeal of Florida, Fourth District.
September 17, 1976.
Rehearing Denied October 26, 1976.
*1018 S. Robert Zimmerman, Pompano Beach, for appellant.
Evan I. Fetterman, North Palm Beach, for appellee.
ALDERMAN, Judge.
Husband in a divorce action appeals an award of lump sum and periodic alimony to his former wife.
The trial court in its final judgment found husband and wife to be 49 and 45 years of age. They were married to each other in 1949. At the time of trial the husband had an equity of about $1,500 in an automobile and owned an airplane in which he had little or no equity. He also had an equity of about $25,000 in a business that was in the process of being dissolved. In addition, he had formed a new business corporation which had a net worth of $13,000. Prior to trial, the parties had equally divided a joint savings account of about $30,000. The parties owned jointly their former marital home in which they had an equity of $70,000. In 1974, the wife's income was $8,200, while the husband's was $17,000. However husband's income in 1975 was considerably lower because of a depressed real estate market and the fact he was terminating his former business arrangement and embarking upon a new real estate business. The wife's income as a beautician remained the same.
The trial court found that wife had no special equity in either of husband's businesses and that she had no special equity in the former marital home. However the court did find that the wife was entitled to lump sum and periodic alimony. She was awarded the husband's interest in the former marital home as lump sum alimony and husband was ordered to convey all of his right, title and interest in said residence to wife. Husband was further ordered to pay to wife, commencing six (6) months from the date of the final judgment, $200.00 per month as permanent alimony. The court also provided that in the event the parties were unable to agree, they could set a hearing to determine the question of the wife's attorney's fees and costs.

LUMP SUM ALIMONY
It is fundamental that the marital home formerly owned by husband and wife as a tenancy by the entireties, after dissolution of the marriage, became a tenancy in common. Section 689.15, Florida Statutes (1975). The court specifically found that wife had no special equity in husband's undivided one-half interest. Therefore before the wife can be awarded the husband's interest as a form of lump sum alimony there must be a positive showing of necessity on the part of the wife as well as the pecuniary ability of the husband to support that necessity. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Gordon v. Gordon, 192 So.2d 514 (Fla.1st DCA 1966).
In the present case there has not been a clear showing of necessity. Wife is employed with a present income of $8,200. In addition her half interest in the marital home is worth $35,000. Se also received $15,000 as her half of the joint savings account. The fact that one spouse upon dissolution of marriage may have more money or property than the other does not, ipso facto, allow the court in the form of lump sum alimony to equalize the relative economic positions of the parties. In the absence of a clear showing of necessity on the part of the wife in this case, the portion of the final judgment awarding lump sum alimony is reversed.

PERIODIC ALIMONY
In reference to the award of periodic alimony, the trial judge in the final judgment observed:
"... the most difficult aspect of this case has been the disparity between the Husband's previous earnings and his earnings this year. This is not an anomalous situation, especially in cases involving self-employed business and professional persons, most of whom do experience fluctuations in income. In determining the Husband's `ability', should the court consider his earnings for the last week, the last month, the last year, or the *1019 last decade? It appears to the court that both the recent past and the extended past have to be considered and compared in order for a judgment to be made. This the court has attempted to do in this case."
The award of $200.00 per month alimony beginning six months from the date of the final judgment apparently was based upon the trial court's judgment that considering the husband's past earning ability, within six months he would financially be able to began payments. We believe, if at the time of trial the present pecuniary ability of the husband does not justify an award of periodic alimony, the better practice would be for the trial judge to reserve jurisdiction, rather than awarding alimony to begin some time in the future. Steinhauer v. Steinhauer, 252 So.2d 825, 832 (Fla.4th DCA 1971). In six months the situation of the parties may be entirely changed. The needs of the wife and the pecuniary ability of the husband may then justify an award of more than $200.00, or perhaps none at all. We therefore reverse that portion of the final judgment allowing the wife $200.00 a month periodic alimony beginning six months after trial. However jurisdiction is reserved in the trial court, upon proper motion, to award alimony in the future should there be sufficient change in circumstances of the parties to justify such an award.

ATTORNEY'S FEES
The parties in their briefs have argued the question of whether in the case below the wife was entitled to an award for her attorney's fees and costs. The trial court in its final judgment indicated that in the event the parties were unable to agree the court would set a hearing to determine the question of wife's attorney's fees and costs. From the record it appears that no such hearing was ever held. Since the trial judge has not yet ruled on the question of attorney's fees and costs in the suit below that issue is not properly before this court.
Reversed and remanded for further proceedings consistent with this opinion.
DOWNEY, J., concurs.
MAGER, C.J., dissents, with opinion.
MAGER, Chief Judge (dissenting):
With all due respect I must respectfully dissent from that portion of the majority opinion reversing the trial court's award of periodic alimony to the appellee-wife.
A reading of the majority opinion reflects, most respectfully, a misinterpretation and somewhat restricted view of the wording, import and intent of the trial court's order. The majority has proceeded on the premise that the trial court's award of periodic alimony to the wife to begin six months from the date of the final judgment was tantamount to a determination that the husband lacked the "present" ability to pay. The mere fact that the trial court in the exercise of its discretion and in an abundance of wisdom and caution sought to defer the commencement of the husband's obligation is neither improper nor inconsistent with an ability to pay.
Undoubtedly, and properly so, the ability to pay as with the necessity to receive must initially be determined by the circumstances as they exist at the time of trial; but this determination is not made in a vacuum and the court can and should consider the past, present and future financial circumstances of the parties as reflected by the evidence before the court. For example a recognized factor to be considered is "the party's earning ability." See Gordon v. Gordon, 192 So.2d 514 (Fla.1st DCA 1966). See also Kalmutz v. Kalmutz, 299 So.2d 30 (Fla.4th DCA 1974). By its very nature this factor contemplates and is dependent upon future events or events that will transpire after final judgment. It is a contingent and variable factor; but nonetheless a valid consideration in the totality of circumstances. See Gordon v. Gordon, supra.
Likewise as the earning capacity or ability to earn is a proper factor in determining a spouse's financial ability to pay so, too, is the business experience, education and potential earning ability of the wife a relevant factor to be considered in determining *1020 her needs, i.e. entitlement to alimony be it denominated as permanent or rehabilitative. See McRee v. McRee, 267 So.2d 21 (Fla.4th DCA 1972); Reisman v. Reisman, 314 So.2d 783 (Fla.3d DCA 1975). Clearly this, too, is a factor which contemplates and is dependent upon events or contingencies that will transpire in the future. Certainly it could not be validly contended that the wife's present needs could not be determined by her future potential or lack thereof.
In addition to the foregoing my reading of the final order suggests other reasons for upholding the award of permanent alimony. The observations made by the trial judge as a preface to the adjudicatory portions of the order were nothing more than "observations" and should be treated as obiter dicta and mere surplusage. The presence or absence of the husband's ability to pay is not determined from the trial court's gratuitous observations but rather from the strength or weakness of the evidence presented. But, even when considering these "observations", it is clear that the trial court did give proper consideration to the relevant factors in their totality when he specifically observed that "it appears to the court that both the recent past and extended past have to be considered and compared in order for a judgment to be made... .".[1] The trial court did not observe, as the majority opinion inferentially suggests, that the husband does not possess the present ability to pay "but will possess this ability sometime in the future."
What it appears to this writer is that the trial court was not persuaded by the fact that the husband had a bad business year for that year immediately preceding the subject proceedings, see Howard v. Howard, 118 So.2d 90 (Fla.1st DCA 1960). Instead the trial court chose to consider the totality of the financial circumstances of the husband past, present and future and tempered such consideration with what might be described as a "measure of mercy" by deferring the commencement of the husband's obligation to pay to a time beginning six months after the final judgment. Where then has an abuse of discretion been demonstrated and shown?
Alternatively, could not the trial judge have directed that the husband begin to pay a $1.00 a month alimony for the first six months and $200.00 per month thereafter? This device could have been utilized by the trial judge in order to preserve a finding of the husband's "present" ability to pay. Certainly it cannot be suggested that the trial court must indulge in a form of judicial terpsichore resorting to the doing indirectly that which it is authorized to do directly.
Lastly, if any doubt exists as to whether the trial court actually found a "present" ability or not, then the matter could be remanded to the trial court for a determination instead of directing the trial court to reserve jurisdiction for a six month period at which time the then "present" ability to pay would be ripe for consideration.[2] Upon a remand for such purpose, the trial court, based on the evidence, may well find (although I think it has already done so) that the husband has the (present) ability to pay and in such case may decide to award the wife either the same amount or a lesser amount; conversely, if the evidence so suggests *1021 (which I believe that it does not) that the husband does not have the (present) ability to pay then no alimony would be awarded to the wife.
In conclusion, it is my humble opinion that the portion of the final judgment awarding the wife periodic alimony should be affirmed. To the extent that the majority has reversed, I dissent; but in all other respects I concur with the majority opinion.
NOTES
[1] The court undoubtedly must have found that there existed a present ability when it proceeded to make a lump sum alimony award separate and apart from the subject periodic alimony.
[2] It would seem to me that if changing circumstances are a primary concern (and, of course, they truly are in the aftermath of dissolution proceedings) then the burden of demonstrating those changes under the facts of this case should be placed upon the husband at the expiration of this "six month grace period" to demonstrate his inability to begin to meet his monthly obligation; rather than placing the burden on the wife at the end of this six month period (as suggested by the majority opinion) to come forward again demonstrating not only her needs but the husband's ability as well. At that juncture it would merely not be a matter of a simple evidentiary showing of need and ability but rather would necessitate the showing of a substantial change in circumstances from the entry of the final decree that would justify the award of any alimony. Under the facts of this case, this burden more properly rests with the husband.