DAUKSCH, Judge.
Questioned on appeal is an award of the husband’s interest in the marital home to the wife as lump sum alimony. We find error and reverse.
These parties were married in 1973 after having lived together unmarried for approximately five years. While both have been employed it was brought out, alternatively, the wife was “too upset” to work, and did not intend to work until the dissolution proceedings were completed. There is no evidence she us unable to work. The dissolution was granted in 1976 and the wife was awarded, as lump sum alimony, the husband’s entire interest in the marital home worth a considerable amount of money. The wife also was awarded “rehabilitative periodic alimony” for six months. These periodic payments included the costs of maintaining the home: mortgage principal and interest, taxes, insurance, lawn care and pool care.
As might be imagined we have great difficulty reviewing an award which is based mostly upon matters of discretion. Here, as in most domestic matters, the trial judge aims to do what is right for all concerned within the rather nebulous guidelines established by stare decisis. To say the trial judge has abused the wide discretion with which he is entrusted is sometimes properly characterized as a substitution of judgment — which, of course, we cannot do. In this case, however, we find the evidence insufficient to support the award of lump sum alimony. This court in Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976), said:
“. . . before the wife can be awarded the husband’s interest as a form of lump sum alimony there must be a posi *429 tive showing of necessity on the part of the wife as well as the pecuniary ability of the husband to support that necessity.” at 1018.
Here, the wife was not shown unable to work. She has a one-half interest in the marital home worth over $30,000. She received $6,000 from the sale of the husband’s boat shortly before the dissolution and was to receive one half of a $2,400 tax refund owed the parties. With these funds and her interest in the home plus the rehabilitative alimony the wife is not indigent even though she may not have all she had under coverture. The award of the additional lump sum alimony being not supported by a clear showing of need constitutes an abuse of discretion so we must reverse that portion of the judgment.
However, because there is some indication the trial judge may have meant to award to the wife a special equity in some or all of the husband’s interest in the marital home on account of the wife having given some stock to the husband, we remand this matter for further consideration of that matter.
REVERSED in part and remanded.
DOWNEY and LETTS, JJ., concur.