BOYER, Judge,
dissenting.
As is noted from the factual recitation in the foregoing opinion, the assets acquired during coverture, except the marital home and furniture and fixtures, were fairly well divided. The husband makes no issue of the award to the wife of the furniture and fixtures. But there is no basis in the record for awarding the wife the husband’s equity in the marital home. She established no special equity beyond her own V2 interest nor do the facts demonstrate the need for alimony. Indeed, the wife is in a better position to maintain herself than is the husband.
Although sought, the wife can find no solace in this court’s opinion in Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974). While I dissented in that case it was endorsed by the majority of a panel of this court and must therefore be recognized as precedent. (See Goldman v. Goldman, 333 So.2d 120 (Fla. 1st DCA 1976)) However, our Brown decision is only authority for that which was there held. It is factually distinguishable from the ease sub judice. In that case, in the words of the writer: “While the husband accumulated material wealth, the wife dutifully kept house and assumed the primary responsibility for raising and caring for the four male children born of this marriage.” Sub judice, there were no children of the marriage and there is no evidence of the wife’s participation in the marriage venture other than her participation in the business and her subsequent employment which clearly entitles her to her interest in the marital assets but there is nothing to establish her entitlement to the husband’s interests.
In addition, the author of the Brown opinion stated:
“ * * * In addition, we have before us a factual situation which is still prevalent even in this modern day of women’s liberation, i. e., a wife who has foregone pursuing a professional career and the accumulation of a personal estate in order to be a fulltime mother and homemaker while the husband remains in the market place providing for the material needs of his family and accumulating a sizeable personal estate. * * * ” (300 So.2d 722)
Such are not the facts sub judice.
Another material fact in the Brown decision was the husband’s admitted efforts and motivation to accumulate wealth in his own name in order to prepare for a long desired divorce. No such facts are here present. Indeed, a substantial majority of the assets of the parties which were held in both names were acquired with funds derived from the husband’s inheritance. Certainly there was no scheme nor motivation as reflected in the Brown opinion.
Closely analyzed, the Brown decision is authority for the position of appellant. There it was held:
“ * * * Lump sum alimony is no longer frowned upon in adjusting the material wealth of the parties at the time of dissolution of the marriage. * * * Husband and wife are now truly partners in the marital venture sharing equal rights and obligations.
“The ultimate question is now reached. How shall the material wealth of a marriage which is being dissolved be divided when one partner, the wife, has contributed her time to the marital home and the children of the parties while the husband has pursued the accumulation of material goods. The evolution of the law of alimony that we have reviewed in length shows that today the contributions of each party to the accumulation of material assets must be considered in dissolving the marital partnership. * * ” (300 So.2d 725-726) (Emphasis added)
Sub judice the learned trial judge went beyond the equal division of the partnership assets and awarded to the wife, without need being shown, the husband’s interest in the equity in the marital home. That he was not authorized to do. (See, for example, Baker v. Baker, 315 So.2d 217 (Fla. 1st DCA 1975) authored by the same judge who authored the Brown opinion)
*898 Numerous cases have held that the award to a self-supporting wife the husband’s interest in the marital home is an abuse of discretion. (See, for example, Woodland v. Woodland, 293 So.2d 370 (Fla. 4th DCA 1974); DeLones v. DeLones, 297 So.2d 585 (Fla. 3rd DCA 1974); Kennedy v. Kennedy, 303 So.2d 629 (Fla.1974); Venzer v. Venzer, 308 So.2d 544 (Fla. 3rd DCA 1975); Cannon v. Cannon, 323 So.2d 9 (Fla. 1st DCA 1975); Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976) and Bailey v. Bailey, 340 So.2d 933 (Fla. 4th DCA 1976). See also Canakaris v. Canakaris, 356 So.2d 858 (Fla. 1st DCA 1978) Case no. FF-265, Opinion filed March 17, 1978.
I would reverse.