LETTS, Judge.
This is an appeal by a husband from a Final Judgment of Dissolution, which awarded the wife a one-half interest in a mobile home. We reverse in part.
We are concerned here, with a two year marriage, no children born to the parties and ownership of a mobile home, titled in the name of the husband only and owned by him (subject to mortgage payments) prior to the marriage. The wife has a demonstrated earning capacity, both before and after the marriage, in excess of that enjoyed by the husband and she contributed substantially to the living expenses incurred during coverture, which included payments on the mobile home.
The Final Judgment awarded no periodic alimony, but without any attempt to even depict it as lump sum alimony, placed the ownership of the mobile home “as tenants in common with each of them owning an undivided one-half interest.” This was error. See Storer v. Storer, 353 So.2d 152 (Fla. 3rd DCA 1977); Palmer v. Palmer, 330 *1115 So.2d 839 (Fla. 2nd DCA 1976); McCready v. McCready, 301 So.2d 804 (Fla. 4th DCA 1974).
The tenor of all the above cited cases is to the effect that the court “cannot make a property settlement for the parties . [and] has no authority to transfer one spouse’s assets to another.” Palmer, supra, at p. 840.
As to the other point on appeal, we find insufficient evidence to conclude that the trial judge abused his discretion.
Accordingly, that portion of the Final Judgment, awarding a one-half interest in the mobile home is herewith set aside. Title to that mobile home must remain in the husband’s name alone. In all other respects, the Final Judgment is affirmed.
REVERSED IN PART IN ACCORDANCE HEREWITH.
DOWNEY, C. J., and ANSTEAD, J., concur.