DOWNEY, Chief Judge.
The parties of this cause were married in excess of 21 years. The have one child who has reached majority and is self supporting. During the marriage the husband frequently worked two jobs and, as a result, the parties accumulated a one-half interest in an apartment building, which one-half interest was worth approximately $48,000; stocks and bonds and promissory notes worth $20,000; furniture and other personal property worth $3,000; and an automobile. All of the foregoing property was jointly owned. During the marriage the wife worked in a business owned by a corporation whose stock was owned 50% by the husband, 48% by the wife, and 2% by another person.
The trial judge awarded the wife the husband’s entire interest in all of the assets, except the business, as lump sum alimony. We find that to be error on the facts of the case.
 Lump sum alimony is to be awarded like any other kind of alimony: only when there is a demonstrated need and an ability to pay. However, there is yet another requirement to justify a lump sum award and that is there must be some particular circumstance or equity which makes a lump sum award appropriate.[1] Absent a particular circumstance or equity, if alimony is warranted it must be either periodic or rehabilitative, or in an appropriate case it may be a combination of both types of alimony. As this court said in Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976):
“ . . . The Court specifically found that wife had no special equity in husband’s undivided one-half interest. Therefore before the wife can be awarded the husband’s interest as a form of lump sum alimony there must be a positive showing of necessity on the part of the wife as well as the pecuniary ability of the husband to support that necessity. Cummings v. Cummings, 330 So.2d 134 (Fla.1976); Gordon v. Gordon, 192 So.2d 514 (Fla. 1st DCA 1966).” 337 So.2d at 1018.
The record in this case would support an award of periodic alimony. However, we find no circumstances or equities which justify stripping the husband of all his assets, except the ski school business. As this court said in McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), an award of alimony should not result in either spouse’s suffering a shocking change in financial condition. It seems to us that the award in this case has caused just such a change.
Accordingly, we reverse the lump sum alimony provision of the final judgment appealed from and remand the cause to the trial court with directions to determine a fair award of periodic alimony for the wife.
BERANEK, J, and BAKER, JOSEPH, Associate Judge, concur.

. Yandell v. Yandell, 39 So.2d 554 (Fla.1949); Storer v. Storer, 353 So.2d 152 (Fla. 3rd DCA 1977).