372 So.2d 526 (1979)
William L. SIMPSON, Appellant,
v.
Frieda L. SIMPSON, Appellee.
No. 77-2434.
District Court of Appeal of Florida, Fourth District.
June 29, 1979.
Edna L. Caruso, West Palm Beach, for appellant.
Frances Ann Jamieson and Stephannie L. DaCosta of Taylor & DaCosta, Cocoa Beach, for appellee.
DOWNEY, Chief Judge.
The appellant husband seeks reversal of an award to the wife-appellee of $140 per week periodic alimony and the lump sum award of the husband's undivided one-half of the jointly held marital home.
*527 The pertinent facts are that the marriage endured for thirty-one years; one adult child resulted from the union. The parties jointly owned a home with an equity therein of $42,000. They had other joint assets worth $40,000. In addition, the husband owned property jointly with his son valued at $42,000. The wife, age 60, had not been employed during the marriage and was unemployable while the husband's net take-home pay was $350 per week. The wife claimed she needed $225 per week upon which to live.
The court awarded the wife $140 per week periodic alimony and the husband's interest in the marital home. Thus, the wife ended up with the home the equity in which is worth $42,000, her one-half of the other jointly owned property equalling $20,000 and $140 per week alimony. The husband came away with his one-half of the jointly owned assets equalling $20,000 and his one-half of the assets jointly owned with his son, amounting to $21,000.
Lump sum alimony is not an option open to the trial court in all dissolution cases where there is a demonstrated need and an ability to pay. There is an additional ingredient required to justify a lump sum award, i.e., necessity[1], and that ingredient is missing in this case. Even though the wife claimed she needed more than the amount of periodic alimony awarded, we do not think this record justified taking a $21,000 asset from the husband and transferring it to the wife. Her needs over and above the amount of alimony awarded could be adequately satisfied by giving her exclusive possession of the marital home, even though there are no minor children involved. Banks v. Banks, 98 So.2d 337 (Fla. 1957). Interestingly enough, the husband has suggested that she be given exclusive possession of the home. Since the only "necessity" appearing in the record can be satisfied by affording a home for the wife in which she may live, we find it to be an abuse of discretion to resort to lump sum alimony and the transfer of the husband's one-half interest in said property. We can only assume the purpose in transferring that asset entirely to the wife was to build a little estate for her. However, the courts are prohibited from creating estates for parties, laudable as it might appear, just as they are prohibited from making other types of property settlements for the parties. Palmer v. Palmer, 330 So.2d 839 (Fla. 2nd DCA 1976); Ramirez v. Ramirez, 309 So.2d 25 (Fla. 4th DCA 1975).
Accordingly, that aspect of the final judgment awarding the wife the husband's one-half interest in the marital home is reversed and the cause is remanded with directions to modify the judgment leaving the parties as tenants in common and to award the wife exclusive possession of the home. If the trial court feels it appropriate to make any provisions for payment of the mortgage, taxes, insurance and other expenses of the property, based upon the present record or upon the taking of additional evidence, it may do so. In all other respects the judgment appealed from is affirmed.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
LETTS, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent. In my opinion the trial court made the best of a very difficult situation and the trial judge did not abuse his discretion in any respect and his decisions should be affirmed.
NOTES
[1] Meredith v. Meredith, 366 So.2d 425, Florida Supreme Court 1978; Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Yandell v. Yandell, 39 So.2d 554 (Fla. 1949); Lee v. Lee, 365 So.2d 742 (Fla. 4th DCA 1978).