SHIVERS, Judge.
The husband seeks review of a final judgment in a dissolution of marriage proceeding contending that the court erred in awarding the wife as lump sum alimony the husband’s undivided one-half interest in the jointly held marital home and by awarding the wife one-half of the net proceeds from the sale of two diesel trucks titled in the husband’s name. We reverse in part and remand.
The parties were married for approximately thirty-one years. They jointly owned a home, purchased for $62,500, with an equity therein of between $13,500 and $16,000. The only other joint assets were tangible personal property and two automobiles. The husband also owned two diesel trucks which had been paid for primarily from the $60,000 he had inherited from his mother’s estate in 1977. The wife had been employed throughout the marriage and was currently earning a net salary of approximately $134 per week. At the time of the final hearing, the husband had a net income of approximately $158 per week.
The final judgment awarded custody of the parties’ two minor children to the wife and required the husband to pay to the wife $50 per week as child support. The husband’s interest in the marital home was awarded to the wife as lump sum alimony. The final judgment further provided that the two diesel trucks be sold and that the net proceeds, after deduction of all reasonable expenses incurred by the husband in preparing them for sale, be divided equally between the parties. Although requested, no rehabilitative or permanent periodic alimony was awarded to the wife.
In the light of the stipulation entered into between the parties and the husband’s reaffirmance thereof at the final hearing, we find no error in that portion of the final judgment awarding the wife one-half of the net proceeds from the sale of the diesel trucks. However, we agree that the lump sum alimony award to the wife of the *401 husband’s undivided one-half interest in the marital home was erroneous. To justify an award of lump sum alimony, there must be a positive showing of necessity on the part of one spouse and a showing of an ability of the other spouse to comply with payment thereof. Meridith v. Meridith, 366 So.2d 425 (Fla.1978); Cummings v. Cummings, 330 So.2d 134 (Fla.1976); Gordon v. Gordon, 192 So.2d 514 (Fla.1st DCA 1966). The evidence herein does not justify the award of lump sum alimony.
Accordingly, that portion of the final judgment awarding the wife the husband’s one-half interest in the marital home is reversed. Since other provisions of the final judgment may have been influenced by the lump sum alimony award to the wife of the marital home, which we have reversed, the cause is remanded to the trial court so that he may reconsider the other aspects of the final judgment. The court may take further testimony in this regard if it deems it appropriate. Winner v. Winner, 370 So.2d 845 (Fla.3d DCA 1979); Fraser v. Fraser, 368 So.2d 97 (Fla.3d DCA 1979). Reversed in part and remanded.
ERVIN, Acting C. J., and BOOTH, J., concur.