413 So.2d 1221 (1982)
James W. CULP, Appellant,
v.
Sharon Lynn CULP, Appellee.
No. 81-723.
District Court of Appeal of Florida, Fifth District.
April 14, 1982.
Rehearing Denied May 20, 1982.
Ronald W. Black, Orlando, for appellee.
James H. Harrison of Malone & Harrison, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a judgment of dissolution contending that the trial court erred in awarding the jointly owned marital home to the wife as lump sum alimony. The husband also questions the award of child support.
The parties were married in 1968 and had three children. The husband was awarded custody of the parties' eldest son and was *1222 ordered to pay child support to the wife who was awarded custody of the parties' other two sons. Both parties are employed with substantially similar incomes. The record indicates that the marital home was the parties' only substantial asset.
The hearing in the matter reveals that the trial judge was concerned about the wife's ability to enforce future child support payments against the husband who was residing out-of-state. To insure support for the wife, the court awarded the marital home to the wife as lump sum alimony. At the same time, the court also granted the husband a $6,000 special equity lien in the home. It is not clear how the court arrived at the $6,000 figure.
In Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981), this court described the two types of lump sum alimony. The first type relates to support and occurs where the court finds sufficient need on the part of one spouse, sufficient ability to pay on the part of the other spouse and unusual circumstances justifying the determination that the alimony should be in the form of a lump sum award rather than being paid periodically. The second type of lump sum alimony relates to making an equitable division of marital property.
In the present case, the wife claims that the marital residence was totally financed and that she made all or substantially all of the mortgage payments. However, her reference to the record does not support this claim. The parties have not referred to any evidence in the record to support an award of lump sum alimony as an equitable division of marital property and therefore the award is proper only if it relates to support and fulfills the criteria discussed above.
The record does not afford us with details of the age, health, education or skills of the wife, but she is apparently capable of being self-supporting in an amount almost equal to the husband. Therefore, it is questionable whether a need for lump sum alimony has been demonstrated.[1]
As was noted above, the sole basis for the award was the trial judge's concern that the wife may not be able to enforce payments against a non-resident. While the court's concern that the husband will not pay child support may be well founded, the method of insuring support is inappropriate. It, in effect, holds the husband liable for non-support before support has accrued.
The child support award can be secured by awarding the wife exclusive possession of the house until the children reach majority or until the wife remarries. Should the husband fail to pay any support ordered, the court can impose a lien on the husband's interest. See Gorman, 400 So.2d at 79-80. We believe that this would be a more appropriate method of providing security for the wife without stripping the husband of his only asset. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980).
As to the award of child support, we see no error and AFFIRM. Child support is a discretionary matter and should not be disturbed unless abuse is shown. Droubie v. Droubie, 379 So.2d 1331 (Fla. 2d DCA 1980).
REVERSED in part, and AFFIRMED in part.
ORFINGER and COBB, JJ., concur.
NOTES
[1] See, e.g., Martin v. Martin, 376 So.2d 400 (Fla. 1st DCA 1979)  the evidence did not justify award of lump sum alimony when the parties had substantially similar salaries and the major asset was the marital home; Simpson v. Simpson, 372 So.2d 526 (Fla. 4th DCA 1979)  when wife's needs would be adequately satisfied by giving her exclusive possession of marital home, trial court abused its discretion in granting wife a lump-sum alimony award of husband's interest in marital home; Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976)  in absence of clear showing of necessity on part of wife, who had present income of $8,200.00, whose half interest in marital home was worth $35,000.00, and who received $15,000.00 as her half of joint savings account upon dissolution of marriage, trial court erred in awarding wife husband's undivided one-half interest in marital home as lump sum alimony.