GRIMES, Judge.
The husband challenges that portion of the judgment of dissolution which denied his claim for a special equity in property purchased during the marriage and which awarded the wife alimony of $250 per month and one half of her attorney’s fees.
The husband is sixty-two years old, and the wife is fifty-seven years old. They were married for eight years. At the time of the marriage, they each owned assets which they used to purchase two pieces of property. The wife provided most of the down payment for the marital home, while the husband made the down payment on an apartment house. They took title to both pieces of property as tenants by the entire-ties. The parties have no assets of substantial value other than these two properties.
The husband conducted a succession of unsuccessful businesses during the marriage. Most of the couple’s expenses were paid from the wife’s earnings as a clerk. For the past several years, the husband has devoted his time to renovating the apartment building. After the parties separated, ill health forced the wife to terminate her employment. However, she qualified for a $267 per month pension and expected to start receiving it soon. The husband’s income came from the operation of the apartment building. The net profit from the apartment in 1980 totaled about $2,000.
The husband bases his claim for a special equity in the apartment house on the funds unconnected with the marriage which he used for a down payment and on his efforts to renovate it. Ball v. Ball, 335 So.2d 5 (Fla.1976). Notwithstanding, the evidence supports the court’s finding “that both parties, although their financial resources may have differed, contributed all into a common effort to establish a life together forever and intended all contributions to be gifts to one another, and equally shared.” Likewise, we see no error in ordering the husband to pay one half of the wife’s attorney’s fees.
In determining whether to grant permanent periodic alimony, the court must consider the needs of the spouse who seeks the award and the financial resources of the spouse who will be required to pay. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Here, since the husband will lose half of the revenue from the apartment by virtue of the division of its ownership, he will apparently have less income than the wife.[1] Therefore, he should not be required to pay alimony at this time.
The case is hereby reversed with directions to vacate the alimony award but to retain jurisdiction of the subject so as to be in a position to later make an award should the circumstances dictate. See Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976). Otherwise, the judgment is affirmed.
HOBSON, Acting C.J., and DANAHY, J., concur.

. We have based this opinion on the expectation that the wife’s anticipated pension has materialized. Should she fail to receive her pension, this would be a pertinent factor for consideration on a motion to modify.