419 So.2d 747 (1982)
Robert H. VAWTER, Appellant,
v.
Marie A. VAWTER, Appellee.
No. 81-2054.
District Court of Appeal of Florida, Fourth District.
September 22, 1982.
*748 Howard S. Gaines, Fort Lauderdale, for appellant.
Jimmie R. McDonald, Plantation, for appellee.
DOWNEY, Judge.
The appellant husband seeks reversal of a final judgment in a dissolution of marriage case wherein the trial court awarded the husband's undivided half interest in the marital home to the wife.
This marriage endured for five years and produced no children, though each of the parties had children by a previous marriage. During the marriage, a home was acquired with each party contributing to the purchase thereof either through the down payment or mortgage payments. In addition, the wife contributed heavily toward the day to day family expenses.
The husband's monthly income was $2,623. The wife earned approximately $1,400 per month by renting two bedrooms in the marital home and by conducting music lessons therein. The evidence showed that the parties had an equity of approximately $26,000 in the marital home. The propriety of the trial court's action in awarding the husband's interest in the marital home to the wife is the focal point of this appeal.
Although the trial judge did not state the ground upon which the award of the home was based, we believe the record supports such an award as lump sum alimony. Clearly, this marriage was not of long duration. However, there is no fixed minimum period which a marriage must endure before lump sum alimony can be appropriately awarded. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) recognizes the trial court's discretion to award lump sum alimony where there is justification therefor. As we view this record, the fact that the husband's income was nearly twice that of the wife and that her income, inadequate as it is, was produced through her use of the marital home was justification for the award. Under these circumstances, we cannot say that awarding the husband's $13,000 interest in the home to the wife constituted an abuse of the trial court's discretion. For the foregoing reasons, the judgment appealed from is affirmed.
In passing, we note that a statement of the reasons or grounds for making awards in dissolution judgments is most helpful in appellate review. It immediately directs the appellate court's attention to what the trial judge had in mind; perhaps more importantly, it obviates the necessity of the parties' briefing and arguing various other possible reasons for the trial court's action. Thus, we highly recommend that trial judges follow that format whenever possible in preparing final judgments in such cases.
AFFIRMED.
HURLEY, J., concurs.
BERANEK, J., dissents without opinion.