424 So.2d 845 (1982)
George William BROWN, Jr., Appellant,
v.
Mildred BROWN, Appellee.
No. 82-771.
District Court of Appeal of Florida, Fourth District.
November 24, 1982.
Rehearing Denied January 26, 1983.
Gene Reibman, Legal Aid Service of Broward County, Inc., Fort Lauderdale, for appellant.
Robert W. Crawford, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is an appeal by the husband from a final judgment which awarded his interest in the marital home to the wife, who valued the unencumbered property between $40,000-45,000.[1] At issue is whether a legally compelling reason exists to interfere with the exercise of the trial court's discretion.
In resolving such issue, one view is that the husband, 63, testified that he had not worked for about ten years because of a heart condition occasioned by a motor vehicle accident; that he was living down the street from the marital home in a woodworking shop; that he received only $347 per month in social security benefits; that he relies on a bicycle for transportation; and that his sole asset is a $2,000 savings account.[2]
The other view is that the husband is the sole cause of the parties' present economic misfortune.[3] Both his wife, 59, and daughter testified as to his ability to work; that notwithstanding his protestations of heart *846 problems, he had the strength to brutalize his wife, breaking her finger, beating her severely[4] and threatening her with a gun and a board; that the wife supported the family for the last ten years of the thirty-three year marriage by caring for the elderly as a nurse's aide; and that the wife had been employed regularly during the entire marriage.[5]
Documentary stamps on the deed introduced into evidence, as well as testimony, establish $24,500 to have been the purchase price of the marital home in 1974. Accordingly, the net result of the final judgment was to award the inflationary increase of $15,000 to $20,000 in the home, together with the husband's contribution towards its purchase,[6] to the wife as alimony.
The trial court found the wife's age, coupled with the lengthy marriage, established her need for alimony, and the husband's interest in the home represented his ability to respond to that need. Based on this test, it therefore awarded the husband's interest to her as lump sum alimony.[7] While there may be reasons to interfere with this award, such reasons are not legally compelling for us to do so. Accordingly, we affirm.
ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] The husband's financial affidavit values the property at $45,000.
[2] The parties' 31-year-old son was actually in possession of the funds which apparently were being partially used to pay for the medical expenses incurred by the wife as a result of a beating by the husband. On cross-examination, the husband testified that he got along with his son. He also said that while he had not discussed living with his son on the west coast of Florida, they had discussed the husband's getting a trailer in that area, although the dampness aggravated the husband's arthritis.
[3] See Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979).
[4] The daughter testified that while the wife was hospitalized from the beating for which the husband was criminally prosecuted it was necessary to protect her from further harm at his hands.
[5] The wife's financial affidavit showed her monthly income of $800 and expenses of $686. The parties' daughter assists in the payment of expenses.
[6] There was testimonial conflict as to how much each of the parties and their daughter contributed to the acquisition of the home and the satisfaction of the mortgage. The 29-year-old daughter resided with the mother in the home and testified that she had quit-claimed her interest to her parents because of her father's badgering.
[7] Pursuant to Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the evidence must reflect justification, rather than need, to support an award of lump sum alimony.