WIGGINTON, Judge.
Husband appeals a final judgment in dissolution of marriage in which wife was awarded $3,996.00 representing monies expended by her for husband’s medical expenses and telephone charges, and lump sum alimony in the nature of certain registered purebred horses identified and prayed for in wife’s amended petition, together with the necessary tack and racing equipment, while he was awarded a 1977 pickup truck. Husband contends, first, that the trial court abused its discretion in refusing to continue the final hearing despite the sudden illness of his counsel, and second, that the trial court erred in awarding lump sum alimony.
Regarding the second contention, husband specifically argues the trial court reversibly erred in awarding lump sum alimony when it found he could not afford periodic alimony. We fail to see the merit in this argument. It is precisely for the reason that husband does not have liquid resources to respond to an order requiring payment of periodic alimony that the trial court properly awarded capital assets to wife. We also note the absence in the record of husband’s financial affidavit to support his claim of acute poverty, and the failure of the parties to have present at the final hearing a court reporter. For those reasons alone, despite our conclusion that the trial court did not err in awarding wife lump sum alimony, we are compelled to affirm due to an insufficient record. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
As to husband’s first contention, we are unable to say the trial court abused its discretion in failing to grant his motion for continuance, handwritten by his attorney in the eleventh hour before the final hearing. Initially, we note that appellate counsel did not participate in the proceedings below; and during those proceedings, three different attorneys participated on appellant’s behalf. We commiserate with the attorney who represented husband at the final hearing, and who was apparently suffering from some insipid disease which produced chills, fever, and various and sundry aches and pains. However, the fact remains that both husband and his counsel were present at and participated in the final hearing, and were allowed the opportunity to submit arguments and memoranda of law following the hearing. Husband did not do so, and has failed to show that he was in any way denied due process of law. Compare Diaz v. Diaz, 258 So.2d 37 (Fla. 3d DCA 1972), and cases cited therein, where the final hearing was held without the presence of the moving party, her witnesses or her attorney. It is strictly discretionary with the *692 trial court as to whether or not it will grant a continuance, and the trial court’s discretion in this regard will not be interfered with on appeal where justice has not thereby been denied. Mere speculation as to whether a healthy attorney would have successfully litigated his client’s cause is insufficient to show harm caused by a trial court’s denial of a motion for continuance.
Husband having failed to demonstrate reversible error, the final judgment in dissolution of marriage is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.