435 So.2d 372 (1983)
Jack H. SANDERS, Appellant,
v.
Marjorie J. SANDERS, Appellee.
No. 82-152.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
James H. Harrison, Orlando, for appellant.
Marvin Mandell, Orlando, for appellee.
SHARP, Judge.
The husband, Jack Sanders, appeals from a final judgment of dissolution which awarded his wife, Marjorie Sanders, his interest in their jointly-owned marital residence as lump sum alimony. The marital residence consists of a mobile home with a carport, porch, and two greenhouses, and it is located on two lots near Apopka, Florida. The parties valued it at $45,000.00. The husband argues that, because the marital residence constitutes the parties' major asset, the lump sum award was an abuse of discretion. We disagree, based on the facts and circumstances as they appear in the record.
*373 This was a long-term marriage of 18 years. At the time of the dissolution, the wife was 57 years old and the husband was 52. The wife had been employed from time to time during the marriage at sundry jobs  selling costume jewelry on the party plan method, picking oranges, telephone solicitation, and delivering telephone books  none of which were very lucrative. Her best job was managing a Royal Castle restaurant from 1968 to 1976, but the restaurant went out of business.
She was supporting herself at the time of the dissolution by operating a small plant nursery out of the two greenhouses on the marital property, and selling goods at flea-markets on the weekends. She bought goods at garage sales, fixed them up, stored them in her shed, and then sold them. From these endeavors she netted $131.40 per week.
The wife testified that if she were awarded the marital property, she thought she could "get by" until she was eligible for social security. She was in good health at the time, but, because she had a double mastectomy, she became tired easily, and she felt she could not work full time away from her home. She had no cash assets. She had a car which needed repair and which she could not afford to insure.
The husband had job skills and experience as a steel worker. Although he had been unemployed from time to time during the marriage, he was currently employed as a foreman. He netted $345.00 per week. He had two functioning cars. Just prior to the final hearing, he withdrew $2,500.00 from the bank (his earnings), with which he purchased himself a new car and went on a vacation. He had no health problems. He was then living with another family and paying them $100.00 per week.
The wife testified that the reason she filed for a dissolution was because the husband physically abused and harassed her. She had had to seek medical treatment at hospital emergency rooms. The final judgment entered in this case includes a mutual restraining order similar to one entered at the commencement of the suit.
A trial judge's decision to award lump sum alimony should not be set aside if there is a reasonable basis in the record to support it. If reasonable men could differ on the propriety of the trial judge's decision, it cannot be said the trial court abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We were admonished in Canakaris not to establish "inflexible rules" that make the trial court's job of doing equity "difficult, if not impossible." The husband here suggests that in no case should a trial court make a lump sum award to a spouse where the asset so awarded is the parties' primary asset.
If the husband had more earnings, an award of permanent periodic alimony would be appropriate in this case, considering the length of the marriage, the wife's health problems and age, the parties' earning capacities, and their respective assets and accumulations. McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977). The lump sum award seems appropriate in this case because it is perhaps the only method the trial judge could devise which would allow both parties to have enough means to subsist after the dissolution. The wife's meager income is essentially produced by her use of the marital property. Vawter v. Vawter, 419 So.2d 747 (Fla. 4th DCA 1982). The husband does not have an income sufficiently large to permit him to pay periodic alimony without great hardship.[1] Further, the pattern of physical abuse of the wife by the husband is another reason to sever any relationship between the parties totally and completely.[2]
Finally, the award does not jeopardize the husband's profession, employment, or his ability to support himself. In Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), the supreme court reversed a lump sum award because it would have destroyed the husband's small estate and encumbered "his *374 anticipated income for a limitless period of time if, indeed, it would be possible for him to make the payment at all." Id. at 557. In this case there is no compelling reason to disturb the judgment. Brown v. Brown, 424 So.2d 845 (Fla. 4th DCA 1982).
AFFIRMED.
WEINBERG, RICHARD G., Associate Judge, concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
The jointly owned home, worth $45,000, is substantially the only marital asset of the parties. As to older people who have acquired their assets only from earnings, assets represent a lifetime of hard work. The very disparity in the earning ability of the parties, upon which the majority relies to justify giving the husband's interest in the home to the wife, also shows whose labor primarily produced the earnings which permitted the acquisition of the marital property in this case. I have no quarrel with the implied premise underlying Canakaris to the effect that a marriage should be considered a type of economic partnership with the assets accumulated by the parties during the marriage being considered partnership or marital assets which should be equitably distributed between the former partners upon dissolution of the marital partnership. Accordingly, upon dissolution the court should adjust ownership of true marital assets the legal title of which is lodged in the name of one of the partners alone. However, where, as here, the marital partnership has been fair and the marital assets are in joint names (which assets will after dissolution be equally owned by virtue of § 689.15, Fla. Stat. (1981)), there is no justification for taking the interest of one party and giving it to the other. Any taking away from one of the fruits of his labor and the giving of it to another has a questionable moral basis. If the wife needs alimony for support the husband can make periodic payments in any amount that would be fair but this case does not meet the Yandell criteria for a lump sum alimony award to the wife of practically all of the husband's assets. In Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), the supreme court qualified the use of lump sum alimony for support, stating a lump sum award "should never be made unless the husband is in a financial position to make payment of such gross award without endangering or actually impairing his economic status." 39 So.2d at 556. In this case, giving the wife the husband's entire interest in the jointly owned home devastates his economic status. The wife's need of the home for shelter and the use of the greenhouses to maintain an income can be met by awarding her the "exclusive possession" of them under Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), without the husband being mulcted of the security of his $22,500 one-half interest in the marital property. The majority opinion is concerned only with the wife's welfare. The husband needs assets too and is entitled to a fair share of those he has earned. The majority opinion secures the wife by giving her all of the marital assets. If the husband becomes incapacitated by accident, misfortune or age he will have no security. The essential facts recited in the majority opinion as relevant to its rationale and conclusion strongly imply that the husband is being punished because he used $2,500 of his own earnings to buy himself a "new" car and because he allegedly "physically abused and harassed her." I do not believe that such matters are a proper basis for divvying up marital assets or for depriving one of his or her share. With the affirmance of the award to the wife of all of the husband's interest in the home her financial resources are made far superior to his, consequently I do not agree the husband should be made to pay the wife's attorney's fees under section 61.16, Florida Statutes (1981).
This is a reoccurring legal problem. In Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981), this court, J. Sharp dissenting, reversed a lump sum alimony award to the wife of the husband's moiety in the home, which was the major asset of the parties. In Culp v. Culp, 413 So.2d 1221 (Fla. 5th DCA 1982), where the marital home was the parties' only substantial asset, a lump *375 sum award to the wife of the jointly owned home was reversed in favor of an award of exclusive possession. Similarly, see Martin v. Martin, 376 So.2d 400 (Fla. 1st DCA 1979); Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978); Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976).
In Simpson v. Simpson, 372 So.2d 526 (Fla. 4th DCA 1979), when faced with the same situation the court said:
Since the only `necessity' appearing in the record can be satisfied by affording a home for the wife in which she may live, we find it to be an abuse of discretion to resort to lump sum alimony and the transfer of the husband's one-half interest in said property. We can only assume the purpose in transferring that asset entirely to the wife was to build a little estate for her. However, the courts are prohibited from creating estates for parties, laudable as it might appear, just as they are prohibited from making other types of property settlements for the parties. Palmer v. Palmer, 330 So.2d 839 (Fla. 2nd DCA 1976); Ramirez v. Ramirez, 309 So.2d 25 (Fla. 4th DCA 1975).
Accordingly, that aspect of the final judgment awarding the wife the husband's one-half interest in the marital home is reversed and the cause is remanded with directions to modify the judgment leaving the parties as tenants in common and to award the wife exclusive possession of the home.
Id. at 527.
The relevant facts in this case are indistinguishable from those in the cases cited above. In my opinion the decision of this court in this case directly conflicts with the legal and fairness concepts recognized and applied in Yandell, Gorman, Culp and Simpson.
While Canakaris is authority for awarding a wife a fair and equitable share of marital assets it is not authority for awarding her all of the marital assets. This dissolution results in the wife passing "from misfortune to prosperity" and the husband passing "from prosperity to misfortune" and in his being "shortchanged" in violation of the prohibition in Canakaris at page 1204. By its discussion of judicial discretion, I do not believe Canakaris intended to hold that the visceral impulse or personal notion of fairness of the individual trial judge in the particular case is a substitute for fair and definite rules of law to be uniformly followed by all. Such a view effectively abolishes the rule of law, the concept of judicial precedent, effective appellate review and approves a concept of different results in similar cases depending solely on the particular judge or judges considering the case. Domestic relations cases are tried and reviewed by a large number of judges with vast differences of personal, legal, social and marital philosophy and experience. For this reason rules of law providing guidelines or standards more definite than to "do what to you is reasonable" are essential to achieve that degree of equality of treatment under a rule of law to which all citizens are entitled under our form of government.
NOTES
[1] Gill v. Gill, 431 So.2d 690 (Fla. 1st DCA 1983).
[2] See Brown v. Brown, 424 So.2d 845 (Fla. 4th DCA 1982).