ANSTEAD, Chief Judge,
concurring specially:
I concur in the affirmance of the trial court’s awards of lump sum and rehabilitative alimony. It appears to me that such awards now occupy a status similar to that of damage awards in other legal settings where there are claims that the awards are inadequate or excessive. Of course, the guidelines for making alimony awards are somewhat more precise than the guidelines utilized, for example, to determine damages in a personal injury case. Nevertheless, it is apparent that the degree of discretion now vested in a trial judge is substantial, and, just as a damage award will not be disturbed as inadequate or excessive in a personal injury case unless it falls outside “a reasonable range” for such awards, similarly an award of alimony will be upheld so long as it can be said that “reasonable men could differ” as to the propriety of the award. See Conner v. Conner, 439 So.2d 887 (Fla.1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Lopez v. Lopez, 438 So.2d 984 (Fla. 3d DCA 1983); Sanders v. Sanders, 435 So.2d 372 (Fla. 5th DCA 1983); School Board v. Taylor, 365 So.2d 1044 (Fla. 4th DCA 1978).