COWART, Judge.
The parties borrowed $15,000 to be used in a particular business and secured the loan by a mortgage against the wife's separate property with the understanding between them that the husband would indemnify the wife from any loss of her separate property that might result from it being pledged as security for the business loan. In a separate written agreement, the husband acknowledged the arrangement and promised the wife that he would pay the interest and principal on the business loan in full without contribution from the wife.
The Final Judgment of Dissolution of Marriage required the wife to pay, and to hold the husband harmless from, this debt but required the husband to pay the wife $15,000 “as lump sum alimony” at $250 per month over a period of five years. The husband appeals and argues that under the facts in this case, there is no legal basis for ordering him to pay lump sum alimony, either as (1) spousal support[1] or (2) as a tool to accomplish an equitable distribution of marital property.[2] We agree.[3]
However, the husband’s indemnity agreement with the wife was admitted into evidence without objection as one of the matters to be resolved in this dissolution action and its legal effect was an issue which was proper for the court to adjudicate. While lump sum alimony, which is spousal support, may be enforceable by contempt, a contractual obligation to pay money cannot be enforced by contempt power because of the constitutional prohibition against imprisonment for debt.[4] This is true even when (1) the contractual obligation runs between a husband and wife[5] and (2) a judge sitting in equity might think it only fair that the debtor’s obligation should be enforced by every enforcement power available to an equity court, includ *787 ing the power of contempt. In short, an equity court cannot, in substance, order specific performance of an agreement to pay money and enforce that order by jail confinement for contempt.[6] Accordingly, the language of paragraph 2 describing the $15,000 that the husband is required to pay the wife “as lump sum alimony”, is stricken from the Final Judgment which, as so modified, is
AFFIRMED.
DANIEL, J., concurs.
COBB, J., concurs specially with opinion.

. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Williamson v. Williamson, 367 So.2d 1016 (Fla.1979).

. See Rico v. Rico, 487 So.2d 1161 (Fla. 5th DCA 1986); Culp v. Culp, 413 So.2d 1221 (Fla. 5th DCA 1982); Chayka v. Chayka, 361 So.2d 430 (Fla. 4th DCA 1978), cert, denied, 367 So.2d 1122 (Fla.1979); Bradley v. Bradley, 327 So.2d 253 (Fla. 4th DCA 1976).

. See Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981) for a discussion of the confusing aspects of the use of the term "lump sum alimony.”

. Article I, Section 11 of the Florida Constitution provides:
No person shall be imprisoned for debt, except in cases of fraud.

. See Corbin v. Etheridge, 296 So.2d 59 (Fla. 1st DCA 1974); Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968).

. See Underwood v. Underwood, 64 So.2d 281 (Fla.1953) (wherein the court noted that the legal effect of the word "alimony" was controlled by the actual substance not the form or what it is called).