PER CURIAM.
Mary and Charles Wagenheim appeal and cross-appeal from a final judgment of dissolution of marriage and a final judgment awarding attorney’s fees to Mary. We reverse that portion of the final judgment of dissolution which awards Charles’s one-half interest in the marital home to Mary. We otherwise affirm the final judgments.
Charles and Mary Wagenheim were married in 1969. At the time of their divorce in 1987, Charles was employed as a real estate executive at an annual salary of approximately $100,000, and Mary was employed as an airlines reservations agent earning approximately $25,000 annually. In the final judgment of dissolution Mary received Charles’s one-half interest in the marital home as lump sum alimony, $1,000 per month permanent periodic alimony, and $1,650 per month child support for the parties’ three children. The trial court subsequently granted Mary’s motion for attorney’s fees.
The record reveals that the trial court failed to consider the substantial monthly mortgage payments of $1,469.48 on the marital home when it awarded Charles’s one-half interest in the home to Mary. Neither the equity in the home, amounting to *289 only $20,000, nor Mary’s annual salary is sufficient to offset the expenditure. The monthly mortgage payment exceeds Mary’s monthly alimony and almost equals the amount of monthly child support. Charles, by contrast, enjoys free housing as part of his employment compensation package. In order to balance the equities, we reverse the award to Mary of Charles’s one-half interest in the marital home. On remand, we direct the trial court to require Charles to make the monthly mortgage payments and to award Mary exclusive use and possession of the marital home until the youngest child reaches eighteen. See Simpson v. Simpson, 372 So.2d 526 (Fla. 4th DCA 1979) (where wife’s needs over the amount of alimony awarded could be satisfied by giving her exclusive possession of marital home, trial court abused its discretion in awarding husband’s one-half interest in the home to wife as lump sum alimony). Subject to this modification, we affirm the final judgments.
Reversed in part; remanded with directions.