The JOHN LARSON COMPANY, Plaintiff and Appellant,

v.

Willliam BRUNSOMAN, Evan Shark, and Robert Savageau d/b/a SBS, a partnership, Defendants and Appellees.

Civ. No. 10137.

Supreme Court of North Dakota.

Nov. 10, 1982.

Fleck, Mather, Strutz & Mayer, Bismarck, for plaintiff and appellant; argued by Thomas A. Mayer, Bismarck.

Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for defendants and appellees; argued by Patrick A. Conmy, Bismarck.

PEDERSON, Justice.

SBS, a partnership, contracted with Larson to build a restaurant in Bismarck. After construction was substantially completed, this dispute arose over defective work, extra charges, and credits. After a trial to the court without a jury, judgment was entered as follows:

"(a) That ... [Larson] shall indemnify and hold harmless ... [SBS] from any costs incurred by ... [SBS] in repairing defects in work performed prior to ... [Larson] ceasing construction;

"(b) That ... [Larson] shall indemnify and hold harmless ... [SBS] from any claims for payment for supplies, materials, and labor furnished prior to ... [Larson] ceasing construction.

"(c) The amount of One Thousand Seventeen Dollars and Forty Cents ($1,017.40) in favor of ... [SBS] and against ... [Larson]."

Finding of fact, paragraph 22, states that:

" ... [Larson] is obligated to remedy defects existing in work performed prior to the termination of construction on the site by ... [Larson], and in the event of failure to remedy, shall indemnify and hold harmless ... [SBS] for all reasonable and necessary costs incurred by ... [SBS] in remedying such defects."

Finding of fact, paragraph 18, provides in part that:

"The court finds ... [SBS] entitled to additional credits for ... parking lot curb stops ($800.00), ... which items were part of the original contract."

■ Larson argues that the indemnification provision in the judgment is too broad. SBS agrees. Larson says that it should be conformed to paragraph 22 of the findings of fact. We agree.

■ Larson argues that there is no evidence in support of that part of finding of fact, paragraph 18, relating to curb stops.

SBS responds that this is an insignificant item and that a search of the record for substantiating evidence is unwarranted. Accordingly, applying Rule 52(a), NDRCivP, we will not engage in a trial de novo but we conclude that finding of fact number 18 is clearly erroneous insofar as it relates to $800.00 curb stops.

The judgment is reversed and remanded for amendment of paragraphs (a) and (b), limiting indemnity to costs incurred by SBS in remedying defects which would be the obligation of Larson under the terms of the contract, and to reduce the money judgment in favor of SBS in paragraph (c) by $800.00. Neither party will recover costs on appeal.

ERICKSTAD, C.J., and PAULSON, SAND and VANDE WALLE, JJ., concur.