The JOHN LARSON COMPANY, Plaintiff and Appellant,

v.

William BRUNSOMAN, Evan Shark, and Robert Savageau d/b/a SBS, a partnership, Defendants and Appellees.

Civ. No. 10399.

Supreme Court of North Dakota.

June 24, 1983.

Fleck, Mather, Strutz & Mayer, Bismarck, for plaintiff and appellant; argued by Thomas A. Mayer, Bismarck.

Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for defendants and appellees; argued by Patrick A. Conmy, Bismarck.

ERICKSTAD, Chief Justice.

Pursuant to our opinion in *John Larson Co. v. Brunsoman*, 326 N.W.2d 72 (N.D. 1982), the District Court of Burleigh County entered the following judgment on remittitur:

"(a) That plaintiff shall indemnify and hold harmless defendants from any costs incurred by defendants in repairing defects in work performed by plaintiff and its subcontractors prior to plaintiff ceasing construction, the repair of which would be the obligation of plaintiff under the terms of the contract.

"(b) That plaintiff shall indemnify and hold harmless defendants from any claims for payment for supplies, materials, and labor furnished to plaintiff and its subcontractors prior to plaintiff ceasing construction, the responsibility for payment of which would be the obligation of plaintiff under the terms of the contract.

"(c) The amount of Two Hundred Seventeen Dollars and Forty Cents ($217.40) in favor of the defendants and against the plaintiff."

John Larson Company (Larson) contends that this judgment on remittitur does not conform with the court's opinion. Specifically, counsel for Larson argues that paragraph (b) should be eliminated.

We believe the trial court properly construed our opinion as intending to limit Larson's obligation to indemnify Brunsoman et al (Brunsoman) with regard to both:

(1) "... any costs incurred by [Brunsoman] in repairing defects in work performed by [Larson] and its subcontractors prior to [Larson] ceasing construction, ...." and,

(2) "... any claims for payment for supplies, materials, and labor furnished to [Larson] and its subcontractors pri-

or to [Larson] ceasing construction ....."

The court intended Larson to be responsible for those costs incurred by Brunsoman in repairing defects and those claims for payment for supplies, materials, and labor furnished to Larson and its subcontractors, the repair of which and the responsibility for payment of which would have been Larson's obligation under the contract. Therefore, in accordance with this opinion, we affirm as clarified.

VANDE WALLE, PEDERSON, SAND and PAULSON, JJ., concur.