PER CURIAM.
The appellant, Patricia Granger Bassett, appeals from the final judgment dissolving her ten-year marriage to the appellee, Frederick Scott Bassett. We affirm in part and reverse in part.
By the terms of the final judgment, each party received certain personal property. They became tenants in common to three parcels of real estate jointly owned by them prior to the dissolution. The trial court denied the appellant’s request for alimony and for a special equity in the marital home. The parties were ordered to pay their own attorney’s fees and costs.
We find no abuse of discretion in the denial of attorney’s fees to appellant. However, we agree with appellant’s contention that the court erred in failing to award her a special equity in the marital home and in failing to award her rehabilitative alimony.
In the absence of a showing as to why either spouse should be awarded more than an equal proportion of real property held as tenants by the entireties, record title speaks for itself and the division of property will be equal between the spouses. Ball v. Ball, 335 So.2d 5 (Fla.1976). A spouse, however, may try to establish a special equity in the realty by reason of his or her extraordinary contribution toward its acquisition, either financially or through personal industry and service to the other party. Ball.
During the marriage, the parties acquired three parcels of property in their joint names. One parcel was the marital home which had an appraised value of $154,000. The second was a vacation home valued at $73,500 but encumbered by an $18,000 mortgage. The third parcel was a lot in a mobile home park worth approximately $14,000.
*475 It is undisputed that $10,000 of the appellant’s funds, from a source totally unconnected to the marital relationship, was used to purchase the lot on which the marital home was built. Appellee did not present evidence that this contribution was intended as a gift. Thus, appellant established her right to a special equity by an unrebutted showing of extraordinary contribution in connection with the purchase of the property from a source clearly unconnected to the marital relationship. Since there was an absence of evidence that a gift was intended, the court erred in failing to award appellant a special equity in the marital home. Ball; Landay v. Landay, 429 So.2d 1197 (Fla.1983).
On the issue of rehabilitative alimony, there is no doubt of the husband’s ability to pay. He is a college graduate who has worked on commission for the same company for nineteen years as a heavy equipment salesman. His gross income for the last four years was $58,000 in 1980, $70,000 in 1981, $26,000 in 1982, and $43,382 in 1983. His employer provides him with an automobile, an expense account, and other fringe benefits.
The wife, a high school graduate, was earning $100 a week as a secretary in 1973 when the parties were married. She terminated this employment at the request of her husband. During the marriage, she did some part-time interior decorating from which she earned as much as $3,000 a year. She also acquired a real estate license but has never sold any property. After the parties’ separation, she unsuccessfully tried to obtain secretarial work. She now works for an interior decorating service at $100 per week. The only other money she receives is $385 per month as support for a minor child of a previous marriage.
The wife’s assets consist of a $1,500 boat, a twelve-year-old Buick, some furniture, and her interest in the three parcels of real estate. Her only access to cash is the dubious right to draw on a $30,000 money market account in the name of her daughter which was accumulated from the child support payments received during the recent marriage.
The only way in which the wife can obtain a standard of living which even approaches that enjoyed by the parties during their marriage is by improving her job skills. She would like to enroll in a two-year program which teaches court reporting for which the total tuition is $7,500. She can hardly attend court reporting school and take care of her other needs without outside assistance. She is entitled to rehabilitative alimony for a two-year period.
Accordingly, we reverse and remand for a hearing to determine the extent of the appellant’s special equity in the marital home based upon the value of her contribution toward the purchase of the lot. Lan-day. We direct the award of reasonable rehabilitative alimony to appellant for two years. We affirm the judgment in all other respects.
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.