380 So.2d 499 (1980)
August H. HOCH, Appellant,
v.
Dawn M. HOCH, Appellee.
No. 79-1470.
District Court of Appeal of Florida, Second District.
February 22, 1980.
Gerald C. Surfus and Jerrel E. Towery, of Lee & Surfus, Sarasota, for appellant.
Robert M. Johnson, of Johnson & Joy, P.A., Sarasota, for appellee.
GRIMES, Chief Judge.
The husband appeals from that portion of a final judgment of dissolution which awarded his wife a $7,000 special equity in his interest in the jointly owned marital home.
The parties who are in their late forties have been married for twelve years. There are no children living at home. The husband earns a weekly net income of $153.46 as a marriage counsellor while the wife earns a weekly net income of $107.82 as a registrar at a junior high school.
At the time of the marriage, the wife owned a house which she sold. She and her husband used the $600 in proceeds from that sale together with $1,000 borrowed from her brother to purchase a second home. During this period, the husband was having problems with alcoholism and failed to keep up the mortgage payments. As a result, the parties lost their home and received no money from the sale. They then bought a third home which they presently own as tenants by the entireties. The wife has made practically all of the mortgage *500 payments on this home. However, the husband has paid many other bills incurred by the family. The court granted no alimony but awarded the wife a $7,000 special equity in the marital home, which was over and above the one half interest she obtained upon dissolution.
In Ball v. Ball, 335 So.2d 5 (Fla. 1976), our supreme court held that a special equity may be created by an unrebutted showing that one spouse supplied all of the consideration for property held as tenants by the entireties from a source clearly unconnected with the marital relationship. On the other hand, a special equity will not arise when a couple acquires the property from funds earned by one spouse during the course of the marriage while the other spouse performs normal household and child rearing responsibilities. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980). Also, where both husband and wife work and the wife pays for the property while the husband's earnings go toward the support of the family, the wife's contribution cannot be deemed unconnected with the marital relationship so as to entitle her to a special equity. Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979).
This record clearly reflects that none of the funds which the wife spent on the marital home came from a source unconnected with the marital relationship. Although some of the money which she originally put into the first house might be traced into the second, these funds were lost at foreclosure. Moreover, all the funds she used to make the mortgage payments on the third home came from her earnings while the parties were married.
The judgment awarding the wife a $7,000 special equity in the husband's one-half interest in the marital home is reversed. We are mindful, however, of the recent admonishment by our supreme court that the several remedies available to a trial judge to apportion assets and to provide support incident to dissolution are interrelated and should not be viewed independently. Canakaris v. Canakaris No. 54,124 (Fla. Jan. 31, 1980). Accordingly, we remand the case so that the trial court can have the opportunity to consider the imposition of such other remedies as may be necessary to equitably conclude this dissolution proceeding.
SCHEB and OTT, JJ., concur.