EVANS, VERNON W, Jr, Associate Judge.
This is an appeal from a final judgment of dissolution of marriage which awarded the wife, in satisfaction of her special equity and as lump sum alimony, the husband’s interest in the former marital residence property and surrounding land. The husband contends that this award was an abuse of the trial court’s discretion.
The parties were married in 1963, and no children were born of this marriage. They worked together first at Cape Kennedy in separate jobs pooling their economic resources, and later in the operation of a charter and booking service in Ponce Inlet. The income from the latter business went into a joint checking account. In 1977 the wife contracted a carcinoma which resulted in removal of the right breast. A subsequent malignancy was discovered which now afflicts the left breast. The wife is currently awaiting treatment for the latter malignancy. One of the wife’s physicians prognosticated that the probability of a complete remission is now less than 10%. Medical expenses incurred to date for the wife total approximately $2,376.05 and treatment of the present malignancy is expected to cost in excess of $10,000. The wife does not have the benefit of any medical insurance coverage.
The husband was last employed as a grocery clerk in a convenience market and the wife’s last income earning activity with the jointly run business terminated in 1977.
During 1967 the parties purchased in Ponce Inlet four adjoining lots, one of which contains the marital residence. The property was purchased for the sum of $32,-000 and an $8,000 down payment was made. Of that sum $2,500 was borrowed from the wife’s mother. The wife contends that the $2,500 was repaid with her funds, while the husband contends that it was repaid from joint funds. The balance of the purchase price was paid pursuant to a purchase money mortgage from the parties’ joint bank account, and there are no liens or encumbrances on the property. The fair market value of the property is $100,000, not including the value of the marital residence and is essentially the only asset of any real consequence acquired by the parties during their 16-year marriage.
In granting lump sum alimony the trial court should be guided by all relevant circumstances to insure equity and justice between the parties as that principle is set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
We are of the opinion that an award of lump sum alimony that leaves the husband virtually without anything and creates an instant estate of the value of in excess of $100,000.00 in the wife was an abuse of discretion, particularly where the needs of the wife would be more properly provided for through an award of permanent periodic alimony.
It should be noted that this case was presented to the trial court on a record compiled by a special examiner (court reporter) who was neither empowered to make findings of fact or recommendations. Consequently, the final judgment under review does not come to us clothed with the full presumption of correctness that is accorded a final judgment where the chancel *235 lor has heard the evidence. Conklin v. Pruitt, 182 So.2d 644 (Fla.lst DCA 1966). It should also be pointed out that the trial court did not have the benefit of either the Canakaris decision or Duncan v. Duncan, 379 So.2d 949 (Fla.1980), and therefore the trial court should also reconsider the special equity award in the light of the latter case.
Final judgment herein is accordingly reversed and remanded to the trial court for further proceedings consistent with this opinion.
DAUKSCH, C. J., and ORFINGER, J., concur.