413 So.2d 1238 (1982)
Edward B. BULLARD, Appellant,
v.
Altha Elaine BULLARD, Appellee.
No. 81-1680.
District Court of Appeal of Florida, Third District.
April 27, 1982.
Rehearing Denied June 9, 1982.
Penzell & Diamond and Barry J. Clyman, Miami, for appellant.
Spiegel & Singer and David H. Singer, Miami, for appellee.
Before HUBBART, C.J., FERGUSON, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
MELVIN, WOODROW M.
Appellant-husband seeks review of those portions of a final judgment of dissolution of marriage, wherein the trial judge awarded to the wife the husband's interest in the marital residence as lump sum alimony and the award of child support. The wife cross-appealed as to the award of child support.
The parties herein were married in 1974. One child was born and survived out of this marriage. During the marriage the parties were able to purchase a home with a low cost V.A. mortgage. This marital residence is the only substantial asset of the parties. Payments on the mortgage were made by the parties from both their individual incomes, which were pooled to meet every day expenses. At the time of the divorce, both parties were employed as teachers with Masters degrees in the Dade County school system. The husband had a net weekly income of $207.00 and the wife's net weekly income was $242.00.
*1239 As to the husband's first point on appeal, we agree that the trial judge abused his discretion in awarding the wife the husband's interest in the marital residence as lump sum alimony. Considering all the facts in this case, we must rule out the necessity of that award as a support type lump sum alimony. Clearly, the husband's disposable income is less than the wife's, before considering the award for child support, which further lessened the husband's disposable income. Thus, the lump sum alimony award can be sustained only as an equitable division of material property. Such an award may be necessary where title to assets acquired during the marriage is held by one party and there are no special equities or where there are other assets of the marriage requiring an equitable distribution of all the marital assets. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), cert. dismissed 307 So.2d 186 (Fla. 1975). However where, as here, the marital home is the only substantial asset accumulated during the marriage, there are no special equities or is no necessity for lump sum alimony for support and the home is jointly owned, there is no necessity for application of the remedy of lump sum alimony in order to make a just and equitable distribution of the home. That result is achieved by Section 689.15, Florida Statutes (1979) which provides that "... in cases of estates by the entirety, the tenants, upon dissolution of marriage, shall become tenants in common." See: Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981); Holbrook v. Holbrook, 383 So.2d 981 (Fla. 4th DCA 1980); Hoch v. Hoch, 380 So.2d 499 (Fla. 2d DCA 1980); Simpson v. Simpson, 372 So.2d 526 (Fla. 4th DCA 1979).
By his second point, the husband alleges the trial court erred in denying his prayer for partition. We find this point to be without merit. First of all, the husband conceded that the wife and child should be allowed exclusive possession of the marital home for at least a limited period of time. Secondly, an award of exclusive possession and use of the marital home during the minority of children is proper, because it is in the nature of maintenance and support. See: Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981); Alford v. Alford, 364 So.2d 1255 (Fla. 2d DCA 1978); McNaughton v. McNaughton, 332 So.2d 673 (Fla. 2d DCA 1976). Such awards are so frequently ordered that they have become a generally accepted principle of the law of divorce. Zeller v. Zeller, 396 So.2d 1177 (Fla. 4th DCA 1981).
Lastly, both parties challenge the award of child support, alleging both excessiveness or inadequacy. The trial court has broad discretion in determining the amount of child support to be awarded. Davis v. Davis, 371 So.2d 591 (Fla. 2d DCA 1979); Kahn v. Kahn, 78 So.2d 367 (Fla. 1955). The burden is upon the party seeking to disturb the award of child support to show that the trial judge abused that discretion. Davis v. Davis, supra; Schultz v. Schultz, 290 So.2d 146 (Fla. 2d DCA 1974). Upon reviewing the facts of this case and the amount of the award for child support, we find that neither the husband nor the wife has carried their burden to set aside the award. Thus, the award of child support is hereby affirmed.
In light of the foregoing, that portion of the final judgment of dissolution which awarded the wife the husband's interest in the marital home is hereby reversed. The award of child support is affirmed. The cause is remanded to the trial court for further proceedings consistent herewith. If upon remand the trial court feels it appropriate to make any provisions for payment of the mortgage, taxes, insurance, and other expenses of the property based upon the present record or upon the taking of additional evidence, it may do so.
Affirmed in part; reversed in part, and remanded with directions.