RYDER, Judge.
Elizabeth B. Bolton appeals from the terms of a final judgment of dissolution of marriage, alleging that the lower court erred in awarding appellee William 0. Bolton a one-half interest in a home individually owned by appellant. We agree and reverse.
Following appellant’s petition for dissolution, appellee counter-petitioned asserting an undivided one-half interest in the marital home, special equity in that property, and requesting partition and sale of the home. Subsequently, the parties stipulated to amend the pleadings to permit the request for all relief available under the decision of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The lower court heard evidence and entered a final judgment awarding appellee an undivided one-half interest in the marital domicile.
The parties were married in 1962. At that time, neither party had assets other than an automobile and each had a college degree. Shortly after the marriage, appel-lee attended dental school. Appellant paid appellee’s tuition and the parties’ living expenses. Appellee became a practicing dentist in St. Petersburg, and the home in question was purchased there for $19,000 in 1969. Appellant negotiated for purchase of the property and took title in her name alone. Although appellee signed the note and mortgage, he did not learn that the property was not titled jointly for several years.
The parties have not lived together since 1973, when appellant returned to the Florida State University to receive a postgraduate education degree. Appellant took a job in Richmond, Virginia from 1975-77 and is currently employed by the University of *698 Florida Co-Operative Extension Service. From 1973 on, appellee alone lived in the home in question, paying all expenses and mortgage payments. During the course of the marriage, five dissolution proceedings were instituted; two were filed before purchase of the home in 1969.
Appellant argues on appeal that no special equity was either pled or proven, since appellee made no contribution to the home over and above his marital duties. Appellant suggests that lump-sum alimony was neither pled nor indicated by the needs of appellee or ability of appellant wife to make such a payment. Appellant points out that the court may not dispose of property interests by equitable distribution. Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982).
Appellee replies that the lower court found the house to be owned by both parties, who intended that appellee would have his name on the deed. Appellee suggests the award is sustainable as lump-sum alimony because appellant had the ability to turn over the one-half interest and appellee had no other place to live. Appellee suggests further that he has a special equity in the home since he alone maintained it since 1973.
We hold that no competent, substantial evidence appears in the record below to support the award either as lump-sum alimony or a special equity. Nothing was adduced below to show either that appellee needed financial support from appellant or that appellee contributed to the home asset from a source unconnected to the marriage. See Canakaris, supra. There was testimony tending to support reformation of the deed on the theory that the parties intended ap-pellee’s name to appear on the deed. However, appellee did not plead or seek reformation and cannot now introduce that theory on appeal.
We reverse the aspects of the final judgment below dealing with the parties’ property and remand for retrial on those issues, without prejudice to appellee to seek reformation of the deed on appropriate pleadings.
GRIMES, A.C.J., and DANAHY, J., concur.