442 So.2d 373 (1983)
Ernest HILER, Appellant,
v.
Margaret HILER, Appellee.
No. 83-235.
District Court of Appeal of Florida, Second District.
December 9, 1983.
Ernest S. Marshall, Bradenton, for appellant.
Howard B. Bischoff, Bradenton, for appellee.
BOARDMAN, Judge.
In this dissolution of marriage proceeding, the husband contends that the trial court erred in awarding his interest in the jointly owned marital home and furnishings to the wife as lump sum alimony. We agree and reverse.
The parties were married for thirty-five years and have one remaining minor child. The significant asset of the marriage is the marital residence, which has an estimated value of $50,000, with an outstanding mortgage of $13,000 payable at $153.07 per month.
The wife is fifty-seven years old and is employed at a local department store, earning take-home pay of $372 a month. The husband is sixty-four years old, has chronic leukemia, and presently earns $1556 a month.
In addition to the lump sum award, the trial court awarded the wife permanent alimony of $500 a month to be reduced to $75 per week upon the husband's retirement. Custody of the child was granted to the husband.
A study of the parties' financial affidavits filed in the trial court reveals that real and personal property worth $61,500 was accumulated during the marriage, including the home. The trial judge apparently awarded $54,500 of this amount to the *374 wife, leaving the husband with the remaining property estimated at $7000. Although we recognize that a trial court in its distribution of the assets need not equalize the financial positions of the parties, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we cannot overlook or approve such an apparent disparity.
In Canakaris, our supreme court clarified the principle that lump sum alimony may be awarded as support, as protection for vested property interests, or to ensure an equitable distribution of the marital property. Canakaris at 1201. However, based on the record before us, we see no justification for the lump sum award under any of these concepts.
First, the wife does not claim a special equity in the marital residence, therefore we are not concerned with that type of lump sum alimony. Second, in view of the award of permanent alimony, we rule out the necessity of awarding the husband's interest in the home as a support-type lump sum alimony. The wife's needs over and above the alimony awarded could be adequately and fairly satisfied by giving her exclusive possession of the marital home. Interestingly enough, the husband has suggested that she be given exclusive possession even though he was awarded custody of the minor daughter. Finally, the lump sum award cannot be sustained as an equitable distribution of the marital property inasmuch as the home is the only asset of significant value. This is not a case where the parties have achieved a lucrative income and numerous assets over the long duration of the marriage. See Klein v. Klein, 413 So.2d 1297 (Fla. 4th DCA 1982); Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980), petition for review denied, 397 So.2d 777 (Fla. 1981). On the contrary, the record shows the parties lived a very modest lifestyle. Therefore, we do not think that under the facts of this case the trial judge was justified in taking a $25,000 asset from the husband and transferring it to the wife.
Our sister court in the similar case of Bullard v. Bullard, 413 So.2d 1238 (Fla. 3d DCA 1982), held, and we agree, that
where ... the marital home is the only substantial asset accumulated during the marriage, there are no special equities or is no necessity for lump sum alimony for support and the home is jointly owned, there is no necessity for application of the remedy of lump sum alimony in order to make a just and equitable distribution of the home. That result is achieved by Section 689.15, Florida Statutes (1979) which provides that "... [sic] in cases of estates by the entirety, the tenants, upon dissolution of marriage shall become tenants in common." See: Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981); Holbrook v. Holbrook, 383 So.2d 981 (Fla. 4th DCA 1980); Hoch v. Hoch, 380 So.2d 499 (Fla. 2d DCA 1980); Simpson v. Simpson, 372 So.2d 526 (Fla. 4th DCA 1979).
Id. at 1239.
Under these circumstances, the trial court abused its discretion in awarding the husband's one-half interest in the marital home as lump sum alimony. Bullard v. Bullard. Accordingly, we reverse that part of the final judgment and direct the trial court on remand to grant the wife exclusive possession of the home until she dies, remarries, abandons the property, or until the parties mutually agree to dispose of the property with approval of the court.
The trial court shall hold a further hearing(s) to determine, under the equities of this case, which party shall be responsible for the monthly mortgage payments, property taxes, insurance, and other expenses necessary to the maintenance of the former marital residence. In light of our holding concerning the marital home, the trial court may deem it proper to conduct an adversary hearing to reconsider the other provisions of the final judgment.
Finally, the trial court is directed to retain jurisdiction of the cause for further proceedings in the event of a material change in circumstances by either party.
*375 We have considered the remaining points raised here by the husband, and each lacks merit.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
OTT, C.J., and LEHAN, J., concur.