459 So.2d 402 (1984)
Margaret Weber LANG, Appellant/Cross Appellee,
v.
John Edward LANG, Sr., Appellee/Cross Appellant.
No. 84-147.
District Court of Appeal of Florida, Fourth District.
November 14, 1984.
Rehearing Denied December 21, 1984.
*403 James M. Tuthill of Christiansen, Jacknin & Tuthill, West Palm Beach, for appellant/cross appellee.
Martin L. Haines, III, of Haines & D'Angio, North Palm Beach, for appellee/cross appellant.
BARKETT, Judge.
The wife appeals from a final judgment of dissolution of marriage contending primarily that the trial court erred in failing to award her permanent periodic alimony. We agree and reverse.
The parties were married for 23 years and had five children. Neither party brought any assets into the marriage. At the time of the dissolution, however, the parties jointly owned the marital home, the wife owned a house in North Carolina titled in her name solely, and the husband owned two businesses titled in his name solely. During the marriage, the husband had worked primarily in the liquor business and had owned a liquor store for seven years before it was sold two years prior to the dissolution. He then started the two businesses he presently owns. The wife, in addition to raising five children, also worked outside the home to assist the family. The parties, in fact, agreed that during the past two years the wife worked seven days a week for 70 hours a week at four jobs, to allow the husband to start and continue the two businesses he now owns. She worked as a nurse in a doctor's office, as an adjunct professor at Palm Beach Junior College, and as a pilot for Rockwell International. There is no dispute in the record that the wife was, in addition to her business activities, active as a homemaker and mother as well.
In spite of the apparently diverse talents of the wife, the record reflects that she only made approximately $19,000 per year for the two years that she worked four jobs and a 70-hour week. However, prior to and subsequent to these two years, her earnings, when working a regular schedule, ranged only between $10,000 to $12,000 per year. The husband, on the other hand, according to his accountant's testimony derives a minimum of $54,500 per year from his businesses. Additionally, he receives around $17,000 in personal benefits. He also admits that these sums were augmented by cash withdrawn from the business, by bartered items, and by additional cash or merchandise from suppliers for what he called "promoting" their products. The wife's accountant testified that the husband's income was approximately $92,000 per year. The record reflects that the parties expended some $82,000 in living expenses during the year prior to the dissolution.
The final judgment awarded the wife child support in the amount of $200 per child per month for the parties' two minor children who were then 15 and 17 and required the husband to repay to the wife $6,000 to reimburse her for her interest in an airplane which had been a gift to the wife and which the husband had sold without her consent.
The trial court then indicated that it was awarding to the wife as lump sum alimony what it deemed to be the husband's "special equity interest" in the North Carolina property. This property had always been titled in the wife's sole *404 name. Record title demonstrates presumptive ownership. The only way this presumption can be overcome by a claiming spouse is by demonstrating an extraordinary contribution to the acquisition of the property. This extraordinary contribution can consist of personal industry and service or financial contributions from a source unconnected with the marriage. Hoecker v. Hoecker, 426 So.2d 1191 (Fla. 4th DCA 1983). See also Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980), pet. for rev. dism., 399 So.2d 1142 (Fla. 1981). The husband failed to show any contribution to this property either by personal industry or service or funds from a source unconnected with his earnings during the marriage. Therefore, he failed to rebut the presumption of ownership by the wife, and the trial court erred in determining that the husband had a special equity in the North Carolina property. By allowing the wife to retain ownership to this property, the court below was not giving her any alimony from this asset as it already belonged to her and the husband did not have any interest therein.
In essence, the total award to the wife after this 23-year marriage was lump sum alimony consisting of the husband's one-half interest in the marital home and the payment of the loan on the wife's 1981 automobile. The trial court denied the wife's prayer for periodic permanent and/or rehabilitative alimony.
We recognize that the trial court has the discretion to determine whether or not permanent alimony is appropriate under the circumstances of each case. It is our responsibility, however, to determine whether the trial court abused its discretion in making this determination. Weeks v. Weeks, 416 So.2d 811 (Fla. 4th DCA 1982). Our supreme court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), has called this review the application of the "reasonableness" test:
If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
This principle was reiterated recently by the Florida Supreme Court in Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984):
First, as Canakaris makes clear, the standard of review is whether the trial judge abused his discretion and the test is whether any reasonable person would take the view adopted by the trial judge.
In our judgment no reasonable man would take the view adopted by the trial judge under the circumstances of this case in failing to award permanent periodic alimony in accordance with the necessities of life as they had been established by the marriage of the parties and the ability of the husband to pay. The trial court clearly abused its discretion. This was a 23-year marriage. The wife had borne and raised five children. She made monumental contributions to the acquisition of the husband's businesses which the record reflects were worth from $302,000 to $340,000. She deferred her career opportunities, which in light of her abilities could have been great, in order to have children and a home, and to assist in her husband's businesses. The parties' earning abilities and income-producing assets are totally disparate.
Accordingly, the final judgment is reversed and remanded with instructions to determine the amount of permanent periodic alimony to be awarded to the wife in accordance with section 61.08, Florida Statutes (1983).
The cross appeal of the husband is found to be without merit.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.