ORFINGER, Judge.
The former husband appeals from a final judgment of dissolution of marriage, contending that the trial court erred in awarding alimony and attorney’s fees to the wife. We affirm in part and reverse in part.
From the meager record provided to us we cannot say that the trial court abused its discretion in awarding permanent periodic alimony or attorney’s fees to the wife, because reasonable men might differ in this regard. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). There was evidence before the court that appellant husband transacted much of his business “out of his hip pocket,” so the court was not obligated to accept the husband’s financial affidavit as fully indicative of his earnings.
We do, however, believe that the trial court erred in awarding to the wife as lump sum alimony the home in which she was living. Title to this home was in the name of the husband only, having been purchased only six months prior to the dissolution with a down payment of $5,000 from the savings accounts of the two minor children. The husband had executed a purchase money mortgage for the balance of $19,000. The record discloses that the husband and the two minor children were not living in the home, but were living in a rental house; that the husband had never lived in the home, but that he wanted to make it a home for himself and the two children.
Lump sum alimony is a viable tool for awarding needed support to a spouse as well as a means for making an equitable division of marital assets. Tronconi v. Tronconi, 466 So.2d 203 (Fla.1985); Claughton v. Claughton, 393 So.2d 1061 (Fla.1980); Canakaris, supra; Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983). The record here does not justify the lump sum alimony award for support purposes. The permanent periodic alimony augmenting the wife’s income takes care of that need. The primary custody of the minor children was awarded to *829 the husband, so the home is not needed by the wife as an adjunct of child support.
Neither can we determine from this record that the real property is a marital asset. It was titled in the husband’s name alone, he is solely obligated on the mortgage and the down payment came from the children’s money. If it is a marital asset, it would be subject to equitable distribution, but the trial court made no ruling on whether it was or was not a marital asset. Upon remand, the trial court should consider the status of this property and the respective interests of the parties, as well as the interest, if any, of the children. The court should also consider the need to appoint a guardian ad litem for the children, to protect such interest as they may have in the property.
We reverse the final judgment insofar as it awards the real property to the wife. Because the various aspects of alimony and support are interrelated, Canakaris, upon remand, the trial court should determine the legal status of this property and may reconsider the award of alimony and support for the wife.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.