470 So.2d 831 (1985)
Stephen KUEHN, Appellant/Cross-Appellee,
v.
Marian E. ORLOSKY, Formerly Marian E. Kuehn, Appellee/Cross-Appellant.
No. 84-1344.
District Court of Appeal of Florida, Second District.
June 12, 1985.
James A. Helinger, Jr., and Marcus A. Castillo of James A. Helinger, Jr., P.A., Clearwater, for appellant/cross-appellee.
Gary Urso of N. David Korones, P.A., Clearwater, for appellee/cross-appellant.
PER CURIAM.
In this dissolution of marriage case the husband raises various contentions as to the award of attorney's fees and distributions of property to the wife. On cross-appeal the wife contends that the attorney's fee award to her was too low. We reverse and remand.
*832 We find no merit in the parties' contentions except for the husband's contention relative to the award of an $11,715 special equity to the wife in what the trial court referred to as "the previously existing bank accounts, bonds, and stock brokerage accounts." The record indicates that there was a joint bank account, but all or part of the stock and bond brokerage account apparently was in the husband's name although the record supports no definite conclusion in that regard. Also, the record does not appear to establish a right in the wife to a special equity in that brokerage account. See Bassett v. Bassett, 459 So.2d 473 (Fla. 2d DCA 1984); Lang v. Lang, 459 So.2d 402 (Fla. 4th DCA 1984); Tyler v. Tyler, 427 So.2d 1027 (Fla. 2d DCA 1983); Bolton v. Bolton, 421 So.2d 697 (Fla. 2d DCA 1982). Whether or not the award could have been intended as lump sum alimony is not entirely clear. See Canakaris v. Canakaris, 382 So.2d 1197, 1200-01 (Fla. 1980). Further, there is no indication as to what portion of the foregoing figure designated by the trial court as the wife's special equity was with reference to that brokerage account.
Although neither party appealed from other provisions of the supplemental final judgment which provided for the distribution of assets, all provisions of the final judgment should be considered as parts of one overall scheme. Therefore, on remand the trial court may exercise its discretion to modify that overall scheme as may be necessary to do justice and equity.
GRIMES, A.C.J., and CAMPBELL and LEHAN, JJ., concur.