487 So.2d 1161 (1986)
Jose Roberto RICO, Etc., Appellant/Cross-Appellee,
v.
Rosario RICO, Etc., Appellee/Cross-Appellant.
No. 85-1067.
District Court of Appeal of Florida, Fifth District.
April 24, 1986.
Hugo H. de Beaubien, of Drage, de Beaubein, Milbrath & Simmons, Orlando, for appellant/cross-appellee.
Philip F. Bonus, Orlando, for appellee/cross-appellant.
ORFINGER, Judge.
The husband appeals from a final judgment of dissolution of marriage, contending that the trial court abused its discretion in awarding the bulk of the marital property to the wife. We agree, and reverse.
The parties were married for almost 30 years and had no children. The husband is a self-employed electrician. In 1984 the husband earned $8,530. The wife speaks *1162 very little English and has not been employed for more than 10 years. The marital assets have a total value of less than $170,000. The marital home and adjoining improved property have a value of $132,000. There is a vacant lot valued at $20,000, and the husband's I.R.A. account worth $8,200. There are also three motor vehicles; a 1959 Cadillac which does not run, a 1975 Honda and a 1983 Toyota truck.
In dividing the marital assets, the wife was given the husband's interest in the marital home and adjoining improved property as lump sum alimony. This real property is not encumbered with a mortgage, and the adjoining improved property produces rental income of at least $170 per month. The wife also received the 1975 Honda. For support, the wife was awarded permanent periodic alimony of $150 per month. The husband received the wife's interest in the vacant lot and the I.R.A. account. The husband also received the Toyota truck on which he still owes $3,335, and the 1959 Cadillac.
Lump sum alimony may be used to achieve an equitable distribution of assets. See Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985). However, the evidence must reflect (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980). There is no competent substantial evidence in the record to support the award here, so logic and justification for the result are absent. Under those circumstances, there is an abuse of discretion. See Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985); Wynn v. Wynn, 478 So.2d 380 (Fla. 5th DCA 1985) (an unnecessary, unjustified, and unequal distribution of marital assets that shortchanges one marital partner is correctable on appeal).
In dividing marital assets, a trial judge should ensure that neither spouse automatically passes from prosperity to misfortune. Canakaris, supra. In this case, the marital home and adjoining property constitute the major assets of the marriage. Although equitable distribution does not necessarily have to be equal, the wife in the instant case unreasonably benefitted from a lopsided distribution. The lump sum alimony award did not achieve an equitable distribution. The lump sum alimony award does not appear to have been granted for support purposes, nor would the evidence sustain it on that ground. See Ledford v. Ledford, 469 So.2d 828 (Fla. 5th DCA 1985); Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983).
Hiler v. Hiler, 442 So.2d 373 (Fla. 2d DCA 1983) is factually similar to the case here. In Hiler, the parties were married for 35 years and the only significant asset of the marriage was the jointly owned marital residence. The wife received the husband's interest in the marital home as lump sum alimony and also received permanent periodic alimony. The appellate court reversed the dissolution judgment by holding that the trial court abused its discretion in awarding to the wife the husband's one-half interest in the marital residence.
The wife cross-appeals the trial court's denial of her request for attorney's fees. On remand, the trial court may revisit the award of attorney's fees as well as the permanent alimony award when considering a revised distribution of marital property, because all such items are often interrelated.
Except as it grants the dissolution of marriage between the parties, the final judgment is reversed and the case is remanded for further proceedings consistent herewith.
AFFIRMED in part; REVERSED in part and REMANDED.
COBB, C.J., and DAUKSCH, J., concur.