498 So.2d 1046 (1986)
Malcolm HARRIS, Appellant,
v.
Romenita HARRIS, Appellee.
No. 86-478.
District Court of Appeal of Florida, Third District.
December 16, 1986.
Leon E. Sharpe, Miami, for appellant.
Richard E. Tejera, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
PER CURIAM.
We reverse a lump sum alimony award which gave to a wife the husband's interest in the marital home (the only substantial asset of the parties) upon the following authority. Rico v. Rico, 487 So.2d 1161 (Fla. 5th DCA 1986); Hiler v. Hiler, 442 So.2d 373 (Fla. 2d DCA 1983); Bullard v. Bullard, 413 So.2d 1238 (Fla. 3d DCA 1982); Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981); Baker v. Baker, 388 So.2d 233 (Fla. 5th DCA 1980). The record reveals that the wife has steady employment, earning more than the husband with insurance and pension benefits, etc., while the husband has no appreciable assets and earns a living from various jobs while pursuing his profession as a minister. This is not a case of disproportionate earning capacity or assets. Vawter v. Vawter, 419 So.2d 747 (Fla. 4th DCA 1982); Villano v. Villano, 408 So.2d 743 (Fla. 3d DCA 1982); *1047 Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981).
We return the matter to the trial court with directions to permit the wife to continue to occupy the home pending the youngest child of the parties reaching majority and to make appropriate rulings relative to the husband's responsibility for his share of the mortgage payments, taxes, insurance, maintenance, etc., some of which payments may or may not be credited to the husband's account in the discretion of the trial court. Hiler v. Hiler, supra; Bullard v. Bullard, supra.
Reversed and remanded with directions.