ORFINGER, Judge.
The former wife appeals from a judgment in this marriage dissolution case, contending only that the trial court abused its discretion in not awarding her the husband’s interest in the jointly-owned marital home. We affirm.
We have not been provided with a transcript of the testimony but only with an approved statement of the evidence. The former husband is 59 years of age and is employed as a security guard at Walt Disney World. The wife is physically disabled and does not work. She receives social security and, with the permanent periodic alimony and child support which the final judgment awarded her, the monthly income of the parties is virtually equal. The wife was also awarded an income tax refund of $1,325 as lump sum alimony, one-half of the $16,000 worth of jointly-owned stock, and was given exclusive use and possession of the marital home until the one minor child attained majority. The marital home is worth $43,000, according to the wife’s financial affidavit, encumbered by a $14,-000 mortgage, and is the only substantial asset owned by the parties. Taking away the husband’s only substantial asset at a time when his earning years are limited would clearly endanger his economic future *744 and put him in a precarious economic position. The trial judge was faced with the difficult problem of making an equitable division of very limited assets, and it would be improper for us to substitute our judgment for his when he was able to observe the parties and their demeanor, and determine issues of credibility and weight of their testimony. The trial court could have determined that divesting the husband of his only substantial asset would shortchange him. See Rico v. Rico, 487 So.2d 1161 (Fla. 5th DCA 1986); Lynch v. Lynch, 487 So.2d 234 (Fla. 5th DCA 1983). Because reasonable men could disagree, there was no abuse of discretion under the standard established by Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
AFFIRMED.
COBB, J., concurs.
DAUKSCH, J., dissents with opinion.