514 So.2d 428 (1987)
Manuel A. SUAREZ, Appellant,
v.
Doris SUAREZ, Appellee.
No. 87-399.
District Court of Appeal of Florida, Third District.
November 3, 1987.
*429 Rodriguez & Triay, Coral Gables, for appellant.
Maria Brea-Lipinski, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
We find ourselves in agreement with both of the ex-husband's contentions on his appeal from the financial aspects of a judgment of dissolution. First, it was error, in the light of the Suarezes' roughly equal financial situations, to deprive the husband of his only valuable asset by awarding the wife his interest in the marital home, which had been held by the entireties, as lump sum alimony-equitable distribution. Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987); Harris v. Harris, 498 So.2d 1046 (Fla. 3d DCA 1986); Hiler v. Hiler, 442 So.2d 373 (Fla. 2d DCA 1983); Bullard v. Bullard, 413 So.2d 1238 (Fla. 3d DCA 1982). Hence, the home shall be titled in the names of both Suarezes as tenants in common. Second, the amount of periodic alimony is plainly far beyond the ex-husband's ability to pay. Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980), pet. for review denied, 399 So.2d 1142 (Fla. 1981); Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980); see Dunstan v. Weatherspoon, 505 So.2d 23 (Fla. 3d DCA 1987). Consequently, after remand, the trial court shall fix a substantially smaller amount upon consideration of the then existing circumstances, including the change required by our determination concerning the disposition of the home.
Reversed and remanded with directions.