522 So.2d 1030 (1988)
Blue SATANONCHAI, Appellant,
v.
Amparo SATANONCHAI, Appellee.
No. 87-2090.
District Court of Appeal of Florida, Third District.
April 5, 1988.
*1031 Rassner, Rassner, Kramer & Gold and Alan C. Gold, South Miami, for appellant.
Cristina De Oliveira and Raquel Zaldivar, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
PER CURIAM.
As in Harris v. Harris, 498 So.2d 1046 (Fla. 3d DCA 1986), Rico v. Rico, 487 So.2d 1161 (Fla. 5th DCA 1986), and Hiler v. Hiler, 442 So.2d 373 (Fla. 2d DCA 1983), the effect of awarding the marital home  the parties' sole asset  to the wife as lump sum alimony was to force the husband from his modest economic status to a state of relative impoverishment. Cf. Casto v. Casto, 458 So.2d 290 (Fla. 4th DCA 1982) (lump sum alimony award to wife proper where husband's considerable net worth greatly exceeds that of his wife), approved, 508 So.2d 330 (Fla. 1987). A distribution of marital property that creates such an inequitable impact constitutes an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The trial court did not abuse its discretion in awarding child support, rehabilitative alimony, and attorney's fees to the appellee-wife. However, in light of our reversal on the award of lump sum alimony, on remand the trial court may reconsider the amount and duration of the award for rehabilitative alimony. Rico, 487 So.2d at 1162; Kuehn v. Orlosky, 470 So.2d 831 (Fla. 2d DCA 1985) (on remand court may modify other provisions of final judgment to do justice and equity to overall scheme).
Additionally, the court should award the wife exclusive use and possession of the home until the children reach majority and make the appropriate rulings concerning mortgage payments, maintenance, and taxes. Harris, 498 So.2d at 1047; Bullard v. Bullard, 413 So.2d 1238 (Fla. 3d DCA 1982).
Affirmed in part, reversed in part, and remanded for further consistent proceedings.