SCHEB, Acting Chief Judge.
The husband appeals from an amended final judgment of dissolution of marriage. He contends the trial court erred in ordering him to pay the wife permanent alimony and in awarding her the marital home and furnishings as an equitable distribution of their marital assets. We affirm in part and reverse in part.
The parties were married in December 1973 and separated in July 1986. Their only child was born in January 1980. The wife is a public school teacher and part-time seamstress, and the husband is employed in the construction industry. Her annual gross income is in the low to mid $20,000 range; his income, is less stable, but in recent years he has grossed in the mid $30,000’s annually, with his most recently reported annual gross income being close to $52,000.
In an amended final judgment the trial court named/the wife as primary residential parent and ordered the husband to pay $100 a week child support and to make provisions for the child’s medical expenses. The court also directed the husband to name the wife and child as beneficiaries of his life insurance policies. The trial court ordered the husband to pay the wife $200 a week permanent alimony and in addition awarded her the marital home and furnishings. The court made an equitable division of the parties’ other assets. Compared to the incomes of the parties and their lifestyle, their assets, except for their home-place and furnishings, were relatively modest. The one significant asset accumulated during the marriage was the jointly owned marital residence, a two story home with 2,724 square feet of living space located in an exclusive residential section of St. Pe-tersburg. The wife’s appraiser valued the home at $160,000, while the husband’s appraiser testified its market value was $195,-000. The marital home is mortgaged for approximately $102,000, thus leaving the parties an apparent equity of between $58,-000 — $95,000.
At the outset we reject the husband’s contention that the trial judge, in making the awards to the wife, was influenced by the wife’s allegations of the husband’s marital misconduct. Noah v. Noah, 491 So.2d 1124 (Fla.1986).
We first address the husband’s contention that it was error to award the wife permanent alimony. After considering the needs of the wife and the husband’s ability to pay and the standard of living enjoyed by the parties during their marriage, we find no abuse of discretion on the part of the trial judge in awarding the wife permanent alimony of $200 a week. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
*487 We next turn to the husband’s argument that the trial court erred in awarding the wife the marital home and furnishings. While we find no abuse of discretion in the court having awarded the wife the household furnishings, we think the trial judge abused his discretion in awarding her sole ownership of the parties’ jointly owned residence. The wife did not establish any special equity in the marital home, and considering the respective incomes of the parties and the award of permanent alimony to the wife, we find no justification for the home to be awarded as lump sum alimony.
Where, as here, the jointly owned marital home is the only substantial asset accumulated during the marriage, there are no special equities, and there is no necessity for lump sum alimony for support, it is an abuse of discretion to award to one party the sole ownership of the home. Hiler v. Hiler, 442 So.2d 373 (Fla. 2d DCA 1983).
Accordingly, we vacate that part of the amended final judgment awarding the wife sole ownership of the marital residence. Although the parties thereby become tenants in common of the real property, we remand for the court to consider whether to award the wife exclusive possession of the property for a specified period of time or whether, upon proper petition by either party, to order the property sold after first allowing the parties a reasonable time to arrange a private sale. See Carlsen v. Carlsen, 346 So.2d 132 (Fla. 2d DCA 1977). Otherwise, we affirm the judgment as amended.
We deny the wife’s motion for attorney’s fees on appeal. Cummings v. Cummings, 300 So.2d 134 (Fla.1976); Andrews v. Andrews, 409 So.2d 1135 (Fla. 2d DCA 1982).
RYDER and PARKER, JJ., concur.