555 So.2d 1302 (1990)
Peter J. CALAMORE, Appellant,
v.
Jeanne F. CALAMORE, Appellee.
No. 88-2047.
District Court of Appeal of Florida, Fourth District.
January 24, 1990.
Jane Kreusler-Walsh of Klein, Beranek & Walsh, P.A., West Palm Beach, and Peggy Rowe-Linn, West Palm Beach, for appellant.
Neil B. Jagolinzer of Christiansen, Jacknin & Tuthill, West Palm Beach, for appellee.
PER CURIAM.
We reverse the trial court's distribution of the parties' marital assets.
We hold that the trial court erred in awarding the wife $15,000.00 from the husband's deferred compensation savings plan as lump sum alimony with no apparent consideration of the tax and penalty consequences to be incurred. The savings plan is a deferred compensation plan through which the employer matches 50% of the employee's contribution, up to a maximum *1303 of 3% of the employee's income. Upon withdrawal, the husband must pay taxes and penalties on the tax deferred portion of the plan. The final judgment states that the savings plan was worth $100,000.00 at the time of dissolution and awards the wife $15,000.00 lump sum alimony from the plan. However, using the husband's current tax rate of 28%, the husband's accountant determined that the savings plan is only worth $64,191.00 if the money is withdrawn now. In light of this considerable difference between the pre- and post-tax values of the plan, we find that the trial court failed to equitably distribute the parties' assets.
We also hold that the trial court erred in distributing as a marital asset the account entitled "Peter Calamore as Custodian for Three Minor Children under the Uniform Gift to Minor's Act." The parties had stipulated that the account would not be distributed and that the wife's name would be added to the account so that both parties would be given equal control of the trust. Thus, the trial court erred in distributing the account in a manner contrary to the parties' stipulation.
Furthermore, the award of attorney's fees to the wife is reversed because the final judgment omitted the findings required pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Upon remand, the trial court shall make the requisite findings under Rowe. Wilkins v. Wilkins, 546 So.2d 44, 46 (Fla. 4th DCA 1989).
Accordingly, the award of attorney's fees to the wife and the distribution of the marital assets in the final judgment is reversed and the case remanded for a redetermination of an equitable distribution of the parties' assets and an award of attorney's fees, if appropriate.
REVERSED AND REMANDED.
GLICKSTEIN, WALDEN and GUNTHER, JJ., concur.