570 So.2d 1042 (1990)
William R. KLINGER, Appellant,
v.
Marilyn B. KLINGER, Appellee.
No. 89-2316.
District Court of Appeal of Florida, Third District.
November 27, 1990.
Mallory H. Horton, for appellant.
Krongold & Bass and Paul H. Bass, for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, the former husband contends that the award of the marital home to the former wife, as lump-sum alimony, was an abuse of discretion. The former wife cross-appeals the award of rehabilitative alimony and the denial of attorney's fees.
We agree with Mr. Klinger that the award of the marital house to the wife, under the circumstances of this case, was an abuse of discretion. First, Mrs. Klinger never requested such relief. Her counter-petition for dissolution sought only to have the home partitioned and the proceeds divided. Consistent with the pleadings, she testified at trial that she was asking for a one-half interest in the home. See Easton v. Appler, 548 So.2d 691, 693 n. 1 (Fla. 3d DCA 1989) (improper to grant relief not sought). Second, aside from the former husband's meager pension plan, the $250,000 home, encumbered by a $45,000 mortgage, was the parties' only substantial asset. An award of the marital home to one of the parties as alimony, where the home is the sole asset, is inequitable. Satanonchai v. Satanonchai, 522 So.2d 1030 (Fla. 3d DCA 1988); Suarez v. Suarez, 514 So.2d 428 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 881 (Fla. 1988); Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987). Finally, other considerations operate against granting the home to the wife. The home was owned by Mr. Klinger before the marriage. Further, Mrs. Klinger sold a home she owned prior to the marriage, retained the proceeds, and used them for purposes unrelated to the marriage.
As to Mrs. Klinger's cross-appeal, we agree that eighteen months of rehabilitative alimony was unreasonable in view of the fact that the fifty-nine-year-old former wife, who is employed part-time as a cellist, has earned only $7,000 in salary in her best year. There is no evidence that following the eighteen-month rehabilitative period, the former wife will have any skills or training that will make her self-supporting. Askegard v. Askegard, 524 So.2d 736 (Fla. 1st DCA 1988).
*1043 In light of the reversal of the lump-sum alimony award, and the lack of evidence demonstrating a capacity for self-support, the court should award permanent periodic alimony rather than rehabilitative alimony. The former husband's better ability to pay also requires reversal of that part of the final judgment denying attorney's fees to the former wife. Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990); Harrison v. Harrison, 540 So.2d 230 (Fla. 1st DCA 1989); § 61.16, Fla. Stat. (1989).
We reverse the attorney's fees, lump-sum alimony, and rehabilitative alimony provisions of the final judgment and remand the case with directions to divide the proceeds of the sale of the home, and to award Mrs. Klinger permanent periodic alimony and attorney's fees.