575 So.2d 321 (1991)
Mark MAYERS, Appellant,
v.
Edith MAYERS, Appellee.
No. 90-2001.
District Court of Appeal of Florida, Third District.
March 5, 1991.
Helman, Young & Black, and Nard S. Helman, Coral Gables, for appellant.
Sabatino & Spindel, and Jim Sabatino, Bay Harbor, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
PER CURIAM.
After a ten year marriage of a twenty-eight year old woman to a forty-eight year *322 old man, the trial court awarded to the wife, upon the dissolution of marriage, the only substantial asset of the parties, to wit: the husband's interest in the marital home, as lump sum alimony, $2,000.00 a month for forty-eight months as rehabilitative alimony, an automobile, and assessed attorney fees against the husband. The husband was left with no identifiable assets and substantial debts. There is insufficient evidence to support the awards to the wife. We reverse said awards, with directions for the trial court to conduct a new evidentiary hearing, to determine the proper equitable distribution of marital assets and continuing responsibility, if any, on the part of the husband, in the form of alimony and to make an award of attorney's fees, in light of the equitable distribution of the marital assets in accordance with the following authority. See Renzer v. Renzer, 553 So.2d 334 (Fla. 4th DCA 1989); Zachary v. Zachary, 551 So.2d 577 (Fla. 2d DCA 1989); Clemson v. Clemson, 546 So.2d 75 (Fla. 2d DCA 1989); Harris v. Harris, 498 So.2d 1046 (Fla. 3d DCA 1986); Hiler v. Hiler, 442 So.2d 373 (Fla.2d DCA 1983); Section 61.075, Florida Statutes (1989).
Reversed and remanded with directions.