586 So.2d 508 (1991)
Dan Charles PETTICREW, Appellant,
v.
Bonnie L. PETTICREW, Appellee.
No. 90-1798.
District Court of Appeal of Florida, Fifth District.
October 3, 1991.
William A. Greenberg, of Greenberg & Lester, Fern Park, for appellant.
Gary E. Shader and Lynne R. Wilson, of Shader & Stern, Maitland, for appellee.
ANTOON, J., Associate Judge.
Dan Charles Petticrew appeals the trial court's final judgment of dissolution of marriage. He argues no evidence was presented supporting the court's valuation of the family business, and no evidence was presented justifying an award of lump sum alimony. We agree, and after reviewing the overall scheme of property distributed and alimony awarded, conclude the trial court abused its discretion and reverse.
The parties married in September of 1967 and lived together until January, 1989. Two children were born of the marriage, both of whom have reached the age of majority. At the time the lower court entered its final judgment the husband was forty-eight years old and the wife, forty-seven years old. The husband was employed by the family business, Dixie Shower Doors, Inc., and earned $155,000 in 1988 and $139,000 in 1989.
The trial court found Dixie Shower Doors, Inc., to be a marital asset. Both *509 parties presented testimony as to the fair market value of the business. The husband's expert testified that Dixie Shower Doors, Inc., had a fair market value of $340,000, while the wife's expert presented a written report and testified that fair market value was $500,000. In making the $500,000 valuation, however, the wife's expert failed to consider the tax consequences the husband would suffer upon his sale of the business. He also stated, notwithstanding his expert opinion of the business' fair market value, that he could sell the business for more than $500,000. He testified:
You're talking about two different things. When I'm asked to do an appraisal, which I did, I did an acceptable appraisal standards. I came up with what I thought was a fair and reasonable value of $500,000. If you're asking me as a business broker what I could sell the business for, that's a different story.... I'm saying that there is a buyer out there that is willing to buy it for more than my appraised value, that's what I'm saying.
Based upon this testimony, the trial court determined Dixie Shower Doors, Inc., to have a minimum fair market value of $600,000. The husband was then awarded the family business, and the trial court ordered him to pay the wife half of its value.
The expert's expression of confidence in his ability to broker property was obviously speculation. Speculation and conjecture are inadmissible to prove the value of property. Walters v. State Road Department, 239 So.2d 878 (Fla. 1st DCA 1970). Because the record does not include any competent evidence establishing the fair market value of Dixie Shower Doors, Inc., to be $600,000, and because the trial court failed to consider tax implications in determining fair market value, we find the $600,000 value to be arbitrary and in error. See Calamore v. Calamore, 555 So.2d 1302 (Fla. 4th DCA 1990).
In addition to the $325,000 equitable distribution amount, the court awarded the wife $250,000 in lump sum alimony for her support to be paid at the rate of $2,083.33 per month. Lump sum alimony may be used as a tool to effect equitable distribution of assets or for the purpose of awarding support. Ledford v. Ledford, 469 So.2d 828 (Fla. 5th DCA 1985). However, in order for lump sum alimony to be an acceptable method of providing support to a former spouse, there must be some unusual circumstance to justify a nonmodifiable lump sum award instead of modifiable periodic alimony. Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983). The record is void of any unusual circumstances justifying the lump sum award.
REVERSED and REMANDED for further proceedings consistent with this opinion.
COWART and PETERSON, JJ., concur.