COBB, Judge.
The issue before the trial court was primary residential custody of the seven-year old son of the parties to this dissolution action. The trial court decided this issue, which turned largely on the clash of credibility between the two parties, without having the opportunity to observe the witnesses at trial. Rather, the trial court ruled on the basis of a written transcript of testimony taken before the court reporter acting as “Special Examiner,” a term utilized in the Seventh Judicial Circuit for a limited special master appointed to take testimony upon joint motion of the parties in domestic cases. As such, the Examiner has no authority to make any factual determinations or even any recommendations. His sole function is to record and report the testimony-
The Florida Supreme Court has stated that, in child custody cases,
the opportunity of the Chancellor to observe the demeanor and personalities of the parties and their witnesses to feel forces, powers and influences that cannot be discerned by merely reading the record, assumes a new importance because of the many intangibles that must be evaluated in deciding the delicate question of child custody.
Grant v. Corbitt, 95 So.2d 25, 28 (Fla.1957). In the more recent case of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. *532 1980), the Court emphasized the broad discretion of the trial judge in dissolution cases, and alluded to his unique opportunity to observe the parties’ demeanor. Canakaris at 1202. Clearly, in a vigorously contested child custody case, where neither party’s testimony is inherently incredible, a trial judge should have the benefit of hearing the testimony live and observing the demeanor of the witnesses; he should not merely read and intuit a cold transcript.
Respective counsel below jointly moved for an order referring this cause to the Special Examiner. There was no objection at any time by either party to the procedure employed by the trial court, and the appellant has not asserted on appeal that the use of the Special Examiner, per se, was error. Rather, his argument is simply that we should not afford the same presumption of correctness to the factual findings of the trial judge that would apply where the witnesses testify live before the court. See Baker v. Baker, 388 So.2d 233 (Fla. 5th DCA 1980).
The criterion espoused in Baker does not afford a basis for reversal in the instant case. There is ample testimony in the transcript submitted to the trial judge to support his judgment and, whatever the correct standard of review, we cannot reverse his factual determination. We are certainly in no better position than was he to evaluate the credibility of the trial testimony.
This panel has carefully considered the concept of fundamental error in regard to this case from the perspective that parents in a child custody dispute have selfish interests which do not necessarily correspond with the best interest of the child. Even though they are the natural guardians of the child, there is a profound question as to whether they should be allowed to waive procedural rights directly affecting the child’s future residential status and personal welfare. Clearly, Florida law does not permit parents to contract away a child’s support rights. See Gammon v. Cobb, 335 So.2d 261 (Fla.1976).
We have concluded, after extensive deliberation, that we should not apply the doctrine of fundamental error to the instant case. We believe, however, that any procedure which limits a trial court’s access to the best evidence available in a disputed custody case should be discouraged. The importance of the trial court’s opportunity to observe the demeanor of the conflicting parties is not obviated because of crowded court calendars, which prompted the lawyers in this case to opt for an expeditious resolution of the custody issue rather than wait for available trial time. Hopefully, the recent Florida Supreme Court opinion implementing a family law division within each judicial circuit[1] will afford more available trial time for domestic matters so as to eliminate future “shortcuts” such as the one utilized in this case. It should also be emphasized that a conscientious trial judge is under no legal compulsion whatsoever to grant a joint motion of the parties which results in dispensing with live testimony before the fact finder at trial.
AFFIRMED.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs in result only.

. See In re: Report of the Commission on Family Courts, 588 So.2d 586 (Fla.1991).