W. SHARP, Judge,
dissenting.
In my view, the overall result of the equitable distribution of marital assets and apportionment of marital liabilities places the economic future of appellant and the parties’ child in real jeopardy. This is partly due to the judgment which grants the former hus *407 band a second mortgage on the marital home, which was awarded to the former wife. The second mortgage was intended to secure the $69,664 lump sum awarded the former husband by way of equitable distribution. However the total of the mortgage debt on the marital home exceeds the equity in the house by approximately $14,000 and the combination of the two mortgages’ monthly payments now are more than the former wife’s monthly income. She will thus be foreclosed out of her house and left homeless with the minor child, or she will have to pay off the second mortgage debt by withdrawing funds from an annuity without any ability to avoid severe tax consequences. All of these circumstances were fully presented to the trial court.
Lump sum payments to achieve equitable distribution should not exceed the financial ability of a spouse to pay and thereby endanger that spouse’s economic status. Rico v. Rico, 487 So.2d 1161 (Fla. 5th DCA 1986). Further we have held that it is an abuse of discretion to fail to consider the tax consequences of economic transactions, which result from a dissolution judgment. Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993).
There are alternatives to making a lump sum distribution to the former husband of the wife’s earned retirement funds, which is the primary source of the second mortgage’s debt. She will not have access to these funds herself, until she retires, some years hence. The trial court could have directed that a portion of each payment be paid to the former husband at the time payments commence to be made to her. That would have avoided the punitive tax consequences which follows from an early withdrawal of funds.
I am also troubled that the trial court may not have given adequate consideration to:
[t]he desirability of retaining the marital home as a residence for any dependent child of the marriage, ... when it would be equitable to do so, it is in the best interest of the child or that party, and it is financially feasible for the parties to maintain the residence until the child is emancipated.
§ 61.075(l)(h). In this case, were it not for .the second mortgage debt created by the dissolution decree, there is no apparent reason the former wife and child could not have continued to live in the marital home. Her income was sufficient to have paid the expenses and first mortgage indebtedness, and apparently the trial judge intended that they continue to live there, since he awarded the marital home to the former wife. But given the undisputed post-dissolution financial circumstances of the parties, that is a most unlikely result of the decree.
I would reverse the equitable distribution provisions of this final dissolution judgment and remand for consideration of the tax consequence to the former wife, for revision of the awards in such a fashion as to reduce the punitive tax consequence to the wife, and to fashion a post-dissolution decree, which will permit her to remain living in the marital residence during the minor child’s minority.